**STATE of Minnesota, Respondent,**

v.

**James Barrett KASKA, Appellant.**

**No. C8–85–587.**

Court of Appeals of Minnesota.

July 16, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, David W. Peterson, Lyon County Atty., Marshall, for respondent.

Cecil E. Naatz, Marshall, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEEN and RANDALL, JJ., with oral argument waived.

## SUMMARY OPINION

RANDALL, Judge.

### FACTS

Appellant pleaded guilty in February, 1982, to felony theft. Imposition of sentence was stayed and appellant was placed on probation. In November, 1984, appellant was convicted of two misdemeanor offenses, one for an open bottle violation and the second for possession of marijuana. As a result of these convictions, the trial court revoked appellant's probation, ordered execution of the sentence and required appellant to serve 16 months in prison pursuant to the sentencing guidelines.

### DECISION

Appellant claims the trial court overreacted to two relatively minor offenses and abused its discretion. Appellant argues that these were the only violations in approximately 21 months and that something other than a revocation of the stay of imposition and incarceration in prison would be appropriate.

Respondent argues that the trial court found the acts, although misdemeanors, were serious because alcohol and marijuana were involved. The court had warned appellant at sentencing concerning use of or access to drugs. The trial court had not imposed chemical dependency treatment as a condition of probation but had indicated it would take drug-related matters seriously if appellant came back before the court while on probation without having had such treatment.

It is settled that the trial court and sentencing judge have broad discretion in determining whether the probation im-

posed should be revoked. That decision should only be reversed upon a showing of a clear abuse of that discretion. *State v. Spanyard,* 358 N.W.2d 125, 127 (Minn.Ct. App.1984). *See State v. Austin,* 295 N.W.2d 246, 259–60 (Minn.1980).

In examining the record, there is merit to the contentions of both parties. However, appellant has not demonstrated that the trial court abused its discretion.

Affirmed.