STATE of Minnesota, Respondent,

v.

Jeffrey Leonard EHMKE, Appellant.

No. C1–86–2160.

Court of Appeals of Minnesota.

Feb. 24, 1987.

Hubert H. Humphrey, III, St. Paul, Bruce F. Gross, Cottonwood Co. Atty., Windom, for respondent.

Duane A. Kennedy, Ryan and Vanderheyden, Rochester, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ.

## MEMORANDUM OPINION

WOZNIAK, Judge.

### FACTS

Appellant Jeffrey Ehmke pleaded guilty on February 8, 1982 to assault in the second degree for pulling a knife on a woman in her home after she allowed him to enter her residence to use the telephone. On the State's recommendation, the trial court disregarded the mandatory prison sentence, stayed imposition of sentence, and placed Ehmke on probation for up to five years. Ehmke was apparently highly intoxicated at the time of the assault.

Ehmke was convicted of DWI in 1983. On November 13, 1985, he pleaded guilty to aggravated DWI. The court held a revocation hearing, but decided not to revoke probation.

On November 20, 1986, Ehmke pleaded guilty to gross misdemeanor DWI as a result of an incident in which he had a .22 alcohol concentration and possession of a loaded firearm. Following a revocation hearing, the court revoked the stay of imposition and executed a prison sentence of one year and one day. Following a further hearing, the trial court denied Ehmke's motion for reconsideration. Ehmke appeals, claiming the trial court abused its discretion in revoking probation and ordering imprisonment.

### DECISION

■ The trial court's decision to revoke a stay of sentence will be reversed only if there is a clear abuse of discretion. *State v. Austin,* 295 N.W.2d 246, 249–50 (Minn. 1980). Before a stay is revoked, the trial court must find that a condition has been intentionally or inexcusably violated and that the "need for confinement outweighs the policies favoring probation." *Id.* at 250. The trial court must find that there has been a violation by clear and convincing evidence. Minn.R.Crim.P. 27.04, subd. 3(3); *see, e.g., State v. Muhlenhardt,* 399 N.W.2d 109 (Minn.Ct.App.1987).

■ In this case Ehmke has had multiple DWI convictions, including two aggravated convictions and several implied consent actions following his conviction in 1982. He has continued to abuse alcohol and disregard the trial court's probationary order. He has completed treatment programs, apparently without any lasting, successful results. The trial court noted in revoking Ehmke's probation that he has been a time bomb, using dangerous weapons and alcohol, at times in combination. The trial court's comments are worth quoting:

And when you can't handle something, you go to drinking and you go to a weapon. * * * Every time someone has tried to help you out, offered you counseling, you've never done a thing with it.

At the reconsideration hearing, the trial court stated:

He's acted irresponsible since the time he was put on probation and time after time I have [given] him additional opportunity to continue on * * *. Well, he certainly displayed nothing since the time I first [saw] him to make me believe that he's got anything under control. I just don't think that at this stage I can risk harm to the public, members of his family or to himself.

The trial court's decision revoking probation and ordering Ehmke to prison is affirmed.

Affirmed.