**STATE of Minnesota, Respondent,**

v.

**Thomas Dean WITTENBERG, Appellant.**

**No. CO–89–91.**

Court of Appeals of Minnesota.

June 6, 1989.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael A. Fahey, Carver County Atty., Chaska, for respondent.

Richard Lee Swanson, Chaska, for appellant.

Heard, considered and decided by NORTON, P.J., and FORSBERG and MULALLY,* JJ.

## OPINION

NORTON, Judge.

On November 29, 1988, the Carver County District Court revoked appellant's proba-

tion and executed a 90 day jail sentence for misdemeanor driving after revocation. We affirm.

## FACTS

On January 6, 1988, appellant Thomas Wittenberg pleaded guilty to the misdemeanor charge of driving after revocation. Appellant's sentence, of 90 days in jail and a $700 fine, was stayed for one year, conditioned on appellant committing no misdemeanor traffic violations while on probation.

In August 1988, the state moved the trial court to vacate the stayed sentence, claiming appellant had violated the terms of probation by receiving a citation for driving after revocation on February 1, 1988. (On May 9, 1988, appellant entered a plea of guilty and was sentenced to terms identical to those imposed in his January 1988 sentence.) Appellant denied that he violated the probation conditions, and a hearing was held on November 29, 1988. Thereafter, the trial court revoked the stay and ordered that the sentence of 90 days in jail be executed, commencing January 8, 1989. Appellant's motion to stay execution pending appeal was denied. Appellant seeks review of the revocation order.

By order on January 31, 1989, this court accepted jurisdiction over the appeal, holding that Minn.R.Crim.P. 28.05 governing the time to appeal the revocation order, rather than Minn.R.Crim.P. 28.02, subd. 5, which limits the time for appeal from a misdemeanor conviction. Appellant's motion for release pending appeal was denied. The order indicated the trial court was in a better position to assess whether release was appropriate and whether appellant has met the relevant criteria. *See* Minn.R. Crim.P. 28.02, subd. 7(2).

## ISSUE

Did the trial court abuse its discretion in revoking appellant's probation?

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. VI, § 2.

## ANALYSIS

### I.

"The trial court's decision to revoke a stay of sentence will be reversed only if there is a clear abuse of discretion." *State v. Ehmke*, 400 N.W.2d 839, 840 (Minn.Ct. App.1987). "Before a stay is revoked, the trial court must find that a condition has been intentionally or inexcusably violated and that the 'need for confinement outweighs the policies favoring probation.'" *Id.* (quoting *State v. Austin*, 295 N.W.2d 246, 249–50 (Minn.1980)). Wittenberg challenges the trial court's failure to make express findings supporting revocation.

However, where the record contains sufficient evidence, the trial court's decision to revoke probation is not an abuse of discretion. *See State v. Austin*, 295 N.W.2d 246, 250 (Minn.1980) (trial court did not abuse discretion in revoking probation, although court failed to designate which probation term was violated, where record contained sufficient evidence to warrant finding); *see also* Minn.R.Crim.P. 27.04, subd. 3(4) (requiring trail court to make record of reasons for revocation, but not requiring written findings in an undisputed case such as this).

■ At Wittenberg's revocation hearing, the trial court found that when appellant was charged with another DAR violation on February 1, 1988, and then entered a counseled plea of guilty on May 9, 1988, he "in fact" violated the terms of probation imposed on January 6, 1988. Appellant did not dispute this finding. Appellant's counseled plea of guilty to a second driving offense compels the conclusion that he intentionally violated his probation.

The trial court did not explicitly find that the need for confinement outweighed policies favoring probation. However, the court observed, on the record, that it had "[hung] 90 days [in jail] over his head" at sentencing in January 1988, but "less than a month later, he goes out and does it again." As the trial court recognized, the rehabilitative purposes of probation had failed, and confinement was appropriate. *See Austin*, 295 N.W.2d at 250 (purpose of probation is rehabilitative and revocation should be used only as last resort when probation has failed).

The record contains sufficient evidence to warrant the revocation of appellant's probation. We find no abuse of discretion in the decision to revoke probation and to execute the January 6, 1988 sentence.

### II.

Appellant also contends the trial court abused its discretion in denying his motion for release pending this appeal.

■ At the revocation hearing, the trial court indicated it would stay the sentence pending appeal if an appropriate motion was made within thirty days. Appellant's motion was made after the thirty days had lapsed, but before the 90 days for appeal had expired. The trial court initially refused to entertain the motion because it mistakenly believed that the time for appeal had passed. After this court accepted jurisdiction over the appeal, appellant should have renewed his motion for release in the trial court. *See State v. McKinley*, 424 N.W.2d 586 (Minn.Ct.App.1988) ("[a] motion for release pending appeal must first be presented to the trial court"). The motion was finally made the day before this court heard oral arguments on the appeal, and the trial court promptly granted release. Under these circumstances, we cannot say the trial court abused its discretion in initially denying release.

### DECISION

The trial court did not abuse its discretion in revoking the stay of appellant's January 1988 sentence and ordering its execution.

Affirmed.