STATE of Minnesota, Respondent,

v.

Viengkhane PHABSOMPHOU, Appellant.

No. C5–94–2093.

Court of Appeals of Minnesota.

May 2, 1995.

Review Denied June 29, 1995.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Gayle C. Hendley, Asst. County Atty., Minneapolis, for respondent.

Keith Jackson, Sp. Asst. Public Defender, St. Paul, for appellant.

Considered and decided by HARTEN, P.J., TOUSSAINT, C.J., and HUSPENI, J.

## OPINION

HUSPENI, Judge.

Appellant claims that his rights to a jury trial and to due process were abrogated by the district court's decision to hold his probation revocation hearing prior to his criminal trial on the new charges that formed the basis for the probation revocation. Because we conclude that appellant's constitutional rights were not violated by the revocation proceedings and because the Minnesota Rules of Criminal Procedure do not mandate postponement of the probation revocation hearing, we affirm.

## FACTS

On July 19, 1993, appellant pleaded guilty to first degree assault. The district court stayed execution of an 86–month sentence and placed appellant on probation for 10 years. Conditions of probation required that appellant obey all federal, state and local laws and that he cooperate with a rule 25 chemical dependency evaluation and follow. any subsequent recommendations.

On May 1, 1994, appellant was charged with the gross misdemeanor offense of domestic assault. On May 2, 1994, an arrest and detention order was filed in the first degree assault case; the order stated: (1) appellant was arrested for domestic assault on May 1, 1994; (2) appellant tested positive for the use of cocaine on April 11, 1994, and April 21, 1994; and (3) appellant failed to cooperate with the chemical dependency treatment referral, missing intake appointments on April 7, 1994, and April 26, 1994.

At a May 26, 1994, hearing, appellant requested that the probation revocation hearing be continued until after the disposition of the domestic assault charges. The district court deferred ruling on the issue then, but at a June 9, 1994, hearing, after arguments were made by both parties, ruled that "the revocation hearing will go forward and the Court will consider evidence on all three alleged violations of probation."

On June 15, 1994, the court heard testimony from the state's witnesses on the domestic assault allegations. The district court offered limited use immunity to appellant if he testified at the revocation hearing; the court indicated that any testimony appellant might give could be used only to impeach him if he testified at the trial on the domestic assault charge.

At a hearing on July 8, 1994, the court dismissed the alleged probation violations regarding positive drug testing and failure to cooperate with treatment referral. Appellant again requested a continuance of the probation revocation hearing pending resolution of the domestic assault charges, because any revocation would now be based solely upon the allegations of domestic assault. The court denied this request and reminded appellant of his limited use immunity. Appellant then testified at the probation revocation hearing. The court revoked probation and executed the 86–month sentence, and later granted respondent's request to dismiss the domestic assault charge.

## ISSUE

Were appellant's rights to a jury trial and due process violated because his probation revocation hearing was held prior to his trial on the new criminal charges?

## ANALYSIS

Because this appeal raises a legal issue, this court need not defer to the district court's decision. *See State v. Welke,* 298 Minn. 402, 410, 216 N.W.2d 641, 647 (1974) (a reviewing court has the ultimate power to independently review constitutional claims).

■ Appellant claims that his rights to a jury trial and to due process were violated because the district court scheduled his probation revocation hearing before his criminal trial on the new charges that formed the basis for the probation revocation. We disagree.

■ We note initially that the Minnesota Rules of Criminal Procedure provide:

If the probationer has allegedly violated a condition of probation by commission of a crime, the court may postpone the revocation hearing pending disposition of the criminal case whether or not the probationer is in custody.

Minn.R.Crim.P. 27.04, subd. 2(4). We conclude that the district court's decision was consistent with this rule. The choice of the word "may" rather than the word "shall" in the rule indicates that the drafters intended to leave the district court with discretion to decide when revocation hearings would be held.

Our inquiry, of course, cannot end at this point. Appellant has questioned the constitutionality of the procedures clearly permitted by the rule. Appellant acknowledges that there is no Minnesota case law directly on point but cites a California case, *People v. Coleman*,[1] 13 Cal.3d 867, 120 Cal.Rptr. 384, 533 P.2d 1024 (1975) for support. *Coleman* held:

[U]pon timely objection the testimony of a probationer at a probation revocation hearing held prior to the disposition of criminal charges arising out of the alleged violation of the conditions of his probation, and any evidence derived from such testimony, is inadmissible against the probationer during subsequent proceedings on the related criminal charges, save for the purposes of impeachment or rebuttal where the probationer's revocation hearing testimony or

evidence derived therefrom and his testimony on direct examination at the criminal proceeding are so clearly inconsistent as to warrant the trial court's admission of the revocation hearing testimony * * *.

*Id.* 120 Cal.Rptr. at 402, 533 P.2d at 1042. In dicta, the *Coleman* court explained that

the most desirable method of handling the problems of concurrent criminal and probation revocation proceedings may well be for revocation proceedings not even to be initiated until after disposition of the related criminal proceedings.

*Id.* at 406, 533 P.2d at 1046.

The 1986 ABA Standards for Criminal Justice recommend that

[w]hen the disputed violation in a revocation proceeding solely relates to the commission of another crime, the final hearing ordinarily should not be held before the disposition of that criminal charge. * * * Testimony or information given by a probationer at a revocation hearing on a charge of violation of a condition of probation or any other information derived from such testimony or information should not be admissible against the probationer in any other judicial proceeding against the defendant other than a prosecution for perjury.

*Id.* at 18–7.5(f). The commentary to this rule explains that its justification

arises out of the inherent informality of such hearings. Rules of evidence are relaxed, burdens of proof lessened, and the potential for abuse thereby heightened.

The 1994 ABA Standards for Criminal Justice[2] uphold this recommendation by providing:

When an alleged violation is based solely on the alleged commission of another offense, the rules should provide that the

---

1. *Coleman* was decided not upon United States or state constitution principles, but upon the California Supreme Court supervisory powers. [T]here may be a wide gap between the minimum standards of fundamental fairness required by the federal Constitution and standards consistent with the enlightened administration of justice for which each state through its courts is independently responsible in the exercise of its residual sovereignty * * * suggest[ing] that clothing our adjudication of the issues before us in constitutional raiment would be not only unwise but also unnecessary. *Id.* at 400, 533 P.2d at 1040.

2. The standards were approved in February 1993 and the commentary was completed in June 1994.

final hearing on the alleged violation ordinarily should be held after disposition of the new criminal charge.

*Id.* at 18–7.4(h). The commentary adds:

If the motion to reopen the sentence is processed and heard before the criminal charge has been resolved, dilemmas may arise for both the government and the offender. The government's obligation to provide prehearing discovery in the proceedings to reopen may be inconsistent with the right of discovery in a criminal prosecution. An offender's right to give testimony in the proceeding to reopen may be inconsistent with exercise of the privilege against self-incrimination in a criminal prosecution.

Likewise, the Model Sentencing and Corrections Act recommends that a revocation hearing be stayed pending resolution of criminal charges and that any information provided by the probationer at a revocation hearing not be used against the probationer in any criminal prosecution. *Id.* at 3–311(a), (b); *see* Samuel L. Farb, *"Catch 22": A Probationer's and Parolee's Choice Between the Right to be Heard and the Privilege Against Self-incrimination,* 9 Pac.L.J. 949 (1978).

We conclude that the district court granted appellant the protections recommended by the ABA Standards for Criminal Justice (and Comments), the Model Sentencing and Corrections Act, and *Coleman,* 120 Cal.Rptr. at 402, 533 P.2d at 1042. By offering appellant limited use immunity for all statements made at the revocation hearing, the district court adequately protected appellant's due process and jury trial rights.

In affirming the actions of the district court, we acknowledge that in cases where new charges form the sole basis of possible revocation, strong policy considerations favor delaying the revocation hearing until after resolution of those new charges.[3] However, having determined that the procedure utilized here was constitutional, we believe this court would engage in judicial legislating if it mandated an alternative procedure. If the

Minnesota Supreme Court had not wanted to confer discretion upon the district court, it would have made postponement of the revocation hearing mandatory. The rule now includes the word "may"; the decision to substitute "shall" must be made in the proper forum.

### DECISION

The district court's failure to postpone appellant's probation revocation hearing pending disposition of the criminal charges that formed the basis for the revocation did not violate appellant's constitutional rights.

**Affirmed.**

---

3. The sole basis for revocation in this case was appellant's alleged violation of the requirement that he "obey all federal, state and local laws." Appellant does not argue that this language re-

quires *being convicted* of a new offense, rather than merely being *charged* with a new offense, as a basis for revocation.