STATE of Minnesota, Respondent,

v.

Craig Thomas THEEL, Appellant.

No. C0–95–343.

Court of Appeals of Minnesota.

June 6, 1995.

Review Denied July 20, 1995.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., M. Katherine Doty, Asst. County Atty., Anoka, for respondent.

Steven P. Russett, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by LANSING, P.J., and SCHUMACHER and HOLTAN,* JJ.

## OPINION

SCHUMACHER, Judge.

Craig Thomas Theel appeals the district court's revocation of his probation, arguing that the court failed to make proper written findings to support the revocation. He further challenges the court's calculation of jail credit. We affirm.

## FACTS

In August 1992, Theel, while driving his pickup truck, struck and killed Steven Palinkas. Palinkas had been walking with his girlfriend on the shoulder of the road returning to his disabled car. Theel did not stop after the collision, but instead drove off.

He never reported the incident. After receiving an anonymous tip, the police focused their investigation on Theel, and he confessed to being the driver. He pleaded guilty to leaving the scene of a motor vehicle fatality in violation of Minn.Stat. § 169.09, subd. 1 (1992). In November 1992 he was sentenced to the commissioner of corrections for one year and one day. The sentence was stayed, and he was placed on probation for 10 years. Theel's probation required him, among other things, to pay restitution to Palinkas' family and Palinkas' girlfriend's family and to serve one year in jail with work release privileges under Huber Law. Minn.Stat. § 631.425 (1994). Theel paid the girlfriend's family, but failed to pay the Palinkas family. Theel's corrections agent warned him at least twice that failure to pay the restitution could result in the revocation of his probation.

Theel was only allowed to drive while working for a specific employer. In November 1993, he was caught driving while looking for additional work. He pleaded guilty to driving without a license because he was violating the restrictions of his limited license.

On October 10, 1994, the court revoked Theel's probation. After a contested probation hearing on December 16, 1994, the court upheld the revocation and executed Theel's original sentence. He was given jail credit for 140 days, which included 20 days of "straight jail time" and half credit for 240 days he served under Huber Law.

## ISSUES

1. Did the district court abuse its discretion in revoking Theel's probation?

2. Did the district court err in calculating jail credit?

## ANALYSIS

■ 1. The district court has broad discretion when deciding whether to revoke probation and will be reversed "only if there is a

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

clear abuse of that discretion." *State v. Austin*, 295 N.W.2d 246, 249–50 (Minn.1980).

■ In revoking probation, the court is required to engage in a three-step analysis. *Austin*, 295 N.W.2d at 250. The court must: (1) designate the specific conditions that were violated; (2) find that the violation was inexcusable or intentional; and (3) find that the need for confinement outweighs the policies supporting probation. *Id.* Here, the court identified two conditions that were violated: Theel failed to pay restitution and did not obey the conditions of his limited driver's license. The court did not, however, expressly find that the violations were intentional or that the need for confinement outweighed the policies favoring probation. A court's failure to make these express findings is not an abuse of discretion where the record contains sufficient evidence to warrant the revocation. *See Austin*, 295 N.W.2d at 250 (although district court failed to designate which probation condition was violated, court did not abuse discretion in revoking probation where record contained sufficient evidence to warrant finding); *see also State v. Wittenberg*, 441 N.W.2d 519, 521 (Minn. App.1989).

■ There is sufficient evidence to indicate Theel's violations were intentional. Theel's testimony suggests that he knew he was beyond the limitations of his driving privileges when he was searching for additional employment. He said he "would rather go in jail than go on welfare." Regarding his failure to pay restitution, Theel testified:

> [I]f they can't let me get another career where I can make some kind of living, then I figured I might as well go back to jail.

There is also evidence to indicate that the need for confinement outweighs policies favoring probation. Theel was ordered by the court to pay restitution to the Palinkas family and was warned in writing on at least two occasions that a failure to pay may result in revocation of probation. His failure to follow the court's order despite repeated warnings indicates that the probation was not succeeding.

■ 2. Theel contends that the court erred in calculating jail credit because it did not give him: (1) the benefit of an amendment to the sentencing guidelines; and (2) full credit for days when he had work release privileges but did not actually work. We disagree.

■ The issue of jail credit must be addressed on a "case-by-case basis." *State v. Dulski*, 363 N.W.2d 307, 310 (Minn.1985). Prior to a 1994 amendment to the sentencing guidelines, jail credit for time spent in confinement under Huber Law was awarded at a rate of 12 hours for each 24-hour period. Minn.Sent.Guidelines III.C. (1994). The amendment, which took effect August 1, 1994, provides that one day of credit will be awarded for each day served under Huber Law. Minn.Sent.Guidelines III.C (1995). Modifications to the guidelines "will be applied to offenders whose date of offense is on or after the specified modification effective date." Minn.Sent.Guidelines III.F. Because Theel committed his offense before August 1, 1994, the amendment does not apply to him.

Theel contends that even if the amendment does not apply, he should receive a full day of credit for days that he did not actually leave the correctional facility to work. The guidelines provide that jail credit is computed on the basis of "time spent in confinement under Huber Law." Minn.Sent.Guidelines III.C. Theel was eligible to work during the time he spent at the facility. Regardless of whether he actually worked, his confinement was "under Huber law," and the district court properly calculated jail credit on that basis.

## DECISION

The district court did not abuse its discretion in revoking the stay of Theel's November 1992 sentence and ordering its execution. The trial court did not err in calculating Theel's jail credit.

**Affirmed.**