**STATE of Minnesota, Respondent,**

v.

**Mary Jo HLAVAC, Appellant.**

**No. C1–95–1548.**

Court of Appeals of Minnesota.

Dec. 19, 1995.

Hubert H. Humphrey, III, Attorney General, Kenneth Potts, Asst. Shorewood City Attorney, Wayzata, for respondent.

Jerry Strauss, Marc S. Berris, Strauss & Associates, Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and KLAPHAKE and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant challenges the district court's revocation of a stayed sentence on the grounds that the district court failed to make the proper findings on the record and that the evidence was insufficient to support the necessary findings for revocation. We reverse the revocation.

## FACTS

The original charges against appellant Mary Jo Hlavac arose from her arrest for driving while intoxicated. Following Hlavac's plea of guilty to one of the DWI charges, the district court imposed a jail sentence and fine, but granted Hlavac a partial stay of execution. Among the conditions of the stay of execution were requirements that Hlavac abstain from the consumption of alcohol and that she complete chemical dependency treatment.

Within three months of Hlavac's sentencing, a chemical dependency social worker informed the district court of recent events that suggested that Hlavac had consumed alcohol in violation of one of the conditions. Soon after its receipt of this information, the district court held a revocation hearing, at which the social worker was the sole witness.

At the close of the revocation hearing, counsel for the defense requested that the district court not revoke Hlavac's stay of sentence, on the grounds that there was

certain evidence that the government must prove under the *Austin* [,] *Alvarez* litany and they just simply haven't done it.

Immediately after hearing these remarks, the district court stated that Hlavac had violated one of the conditions of her stay of execution by consuming alcohol while on probation, and it then proceeded to revoke the stay of execution to the remaining 335 days of Hlavac's 365–day sentence. Following the

hearing, the district court did not issue a written order in support of the revocation.

## ISSUES

Did the district court abuse its discretion by revoking a stay of execution of Hlavac's sentence without explicitly responding on the record or in writing to appellant's assertion that the prosecution had failed to establish the factors required for such revocation?

## ANALYSIS

■ A decision to revoke a stay of sentence should not be reversed unless the district court has clearly abused its discretion. *State v. Austin*, 295 N.W.2d 246, 249–50 (Minn.1980); *State v. Ehmke*, 400 N.W.2d 839, 840 (Minn.App.1987).

■ Hlavac argues that the district court abused its discretion by failing to make two of the three findings that a district court should make before revoking a stay of sentence. The three-part analysis for the revocation of a stay requires that the district court:

(1) designate the specific condition or conditions [of the stayed sentence] that were violated;

(2) find that the violation was intentional or inexcusable; and

(3) find that need for confinement outweighs the policies favoring probation.

*Austin*, 295 N.W.2d at 250. Hlavac apparently concedes that the district court complied with the first step of the *Austin* analysis; the district court indicated on the record that Hlavac had violated a condition of her stayed sentence by consuming alcohol on at least two instances. Hlavac contends, however, that the district court failed to comply with the second and third steps of the *Austin* analysis. The State did not submit an appellate brief, and therefore did not appear at oral argument to oppose Hlavac's contentions. We agree with Hlavac that the district court's limited remarks cannot be construed to satisfy the three findings required under *Austin*.

■ When a district court has failed to make the three *Austin* findings, the reviewing court may nevertheless affirm the district

court's revocation of a stayed sentence, provided that there is sufficient evidence in the record to support the necessary findings. *Id.* (citing *Pearson v. State,* 308 Minn. 287, 241 N.W.2d 490 (1976) (holding that transcript of trial court's findings provided sufficient record for appellate review)); *State v. Theel,* 532 N.W.2d 265, 267 (Minn.App.1995), *review denied* (Minn. July 20, 1995); *State v. Wittenberg,* 441 N.W.2d 519, 521 (Minn.App. 1989).

 While we recognize the "sufficient evidence" exception, we find that it does not apply under the circumstances here. One specific feature distinguishes the instant case from cases that have applied the sufficient evidence exception: the reference that defense counsel made to the *Austin* rule at the close of the revocation hearing. Immediately before the district court rendered its decision to revoke the stay of Hlavac's sentence, Hlavac's attorney asserted that the State had failed to present evidence that would comply with the *Austin* requirements. Defense counsel is entitled to a judicial response *from the district court* to that assertion. Under these circumstances, we hold that the district

court was obliged to make the *Austin* findings either at the hearing on the record or in writing after the hearing. On an appeal challenging the district court's failure to make the necessary findings after the defendant's assertion that the *Austin* factors have not been met, this court will not search the record to determine whether sufficient evidence was presented to support the revocation of a stay of execution of sentence.[1]

## DECISION

The district court clearly abused its discretion in revoking the stay of execution of sentence without responding to Hlavac's assertion that the evidence did not satisfy the requisite factors under *Austin.*

**Reversed.**

---

1. Whereas we recognize that there is caselaw enabling this court to search the record in appropriate cases to determine if there is sufficient evidence to support a revocation, we hasten to add that it is preferable in all cases that the district court make adequate *Austin* findings. Failure to do so in the district court (1) detracts from judicial efficiency and (2) defaults the exercise of contemporaneous judicial discretion to a distant appellate tribunal.