**STATE of Minnesota, Respondent,**

v.

**Frederick Arden HAMILTON, Appellant.**

No. C2–02–381.

Court of Appeals of Minnesota.

July 16, 2002.

Mike Hatch, Attorney General, St. Paul; and Amy Klobuchar, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, for respondent.

John M. Stuart, State Public Defender, Theodora Gaitas, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by HALBROOKS, Judge, KLAPHAKE, Judge, and HANSON, Judge.

## OPINION

HANSON, Judge.

Appellant challenges the district court's order revoking probation, arguing that the district court erred by (1) failing to make all the required Austin findings prior to revoking his probation and (2) failing to offer limited-use immunity at the revocation hearing so appellant's testimony about the new charges could not be used against him at a trial on those charges. Because the record supports the district court's decision to revoke appellant's probation, and because the district court had no affirmative duty to offer appellant limited-use immunity, we affirm.

## FACTS

Appellant Frederick Arden Hamilton pleaded guilty to kidnapping in 1995. Hamilton was sentenced to the presumptive term of 146 months in prison, based on his criminal history score of five points. Pursuant to a plea agreement, the district court departed dispositionally, staying execution of the sentence [1] and placing Hamilton on probation for 15 years.

The conditions of Hamilton's probation included that he have no arrests or charges, for any criminal offense, that were supported by probable cause. Hamilton was also ordered to cooperate with a pending homicide investigation and to obey all conditions of his probation. Thereafter,

---

1. Hamilton's presumptive sentence was stayed because he agreed to assist the prose- cution in a pending homicide investigation.

three separate probation-revocation hearings were conducted.

In 1996, Hamilton was convicted of driving under the influence. After a revocation hearing, the district court found that Hamilton had violated the terms of his probation, but his probation was not revoked. Instead, the court ordered Hamilton to pay a fine and to spend 90 days in jail, all of which was either suspended or credited with time already served.

In 1998, Hamilton was convicted of issuing a worthless check. Again, after a revocation hearing, the district court found that Hamilton had violated the terms of his probation but did not revoke his probation. Hamilton was ordered to pay restitution and was sentenced to time already served.

Finally, in August 2001, Hamilton was charged with promoting the prostitution of a minor, in violation of Minn.Stat. § 609.322, subd. 1(2) (2000). At the revocation hearing, the state called the arresting officer, Sergeant Andrew Schmidt, as a witness. Sergeant Smith testified about (a) his interview with the two minor victims; (b) documents found in appellant's residence and vehicle corroborating the victims' story; and (c) verification of a pimping charge against appellant in Chicago in July of 2001. Hamilton declined to testify at the close of the state's case-in-chief. He did, however, present mitigating circumstances which the court did not find persuasive.

The district court found by clear and convincing evidence that Hamilton was in violation of the conditions of his probation and revoked his probation, ordering him to serve the remaining 146 months of his 1995 sentence for kidnapping. The court found that Hamilton had violated the condition of his probation that he have no new charges supported by probable cause of any criminal violation. This appeal followed.

## ISSUES

Did the district court abuse its discretion in revoking appellant's probation:

1. by not making all of the required Austin findings?

2. by not offering appellant limited-use immunity at the revocation hearing so he could testify concerning the pending charges?

## ANALYSIS

### I

Hamilton argues that the district court abused its discretion when it did not make the findings required by *State v. Austin*, 295 N.W.2d 246, 250 (Minn.1980).

If a probationer violates conditions of probation, the district court may revoke probation and execute the sentence previously imposed. Minn.Stat. § 609.14, subd. 3(2) (2000). "The [district] court has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *Austin*, 295 N.W.2d at 249–50 (citations omitted). To revoke a defendant's probation, the court must (1) designate the specific condition that was violated; (2) find that the violation was intentional or inexcusable; and (3) find that the need for confinement outweighs the policies favoring probation. *Id.* at 250.

The district court made specific findings relating to the first prong of the Austin analysis. The court found that Hamilton had violated the condition of his probation that he have no new criminal charges supported by probable cause. The state concedes that the court did not make specific findings under the second

and third prongs of the Austin analysis. But, "where the record contains sufficient evidence to warrant the revocation," a court's failure to make the express findings is not an abuse of discretion. *State v. Theel*, 532 N.W.2d 265, 267 (Minn.App. 1995), *review denied* (Minn. July 20, 1995).

Hamilton argues that there is insufficient evidence to show that he "intentionally and inexcusably" violated the conditions of his probation—the second prong of the Austin analysis. Although the district court did not specifically state that Hamilton "intentionally and inexcusably" violated his probation, the record clearly supports an inference that he did so. *See In re Welfare of J.K.*, 641 N.W.2d 617, 621 (Minn.App.2002) (stating that where the court did not specifically find that appellant's violations were "intentional and inexcusable," such a finding can be inferred from a reading of the district court's order as a whole).

■ Hamilton also argues that the court did not consider whether the need for confinement outweighed the benefits of continuing his probation. Hamilton contends that in his case, the need for confinement did not outweigh the policies favoring probation because (1) his prior probation violations were minimal and sporadic; and (2) his probation was revoked on the basis of new charges, not convictions. He relies on the statement in *Austin* that

[T]he purpose of probation is rehabilitation and revocation should be used only as a last resort when treatment has failed. There must be a balancing of the probationer's interest in freedom and the state's interest in insuring his rehabilitation and the public safety.

*Austin*, 295 N.W.2d at 250 (citation omitted). But revocation of a stayed sentence is justified when: "[d]espite prior use of expanded and more onerous conditions of a stayed sentence, the offender persists in

violating conditions of the stay." Minn. Sent. Guidelines III.B. And, while the sentencing guidelines urge the courts to exercise restraint in imprisoning those who violate probation conditions where the original offense was of a lower severity,

[l]ess judicial forbearance is urged for persons violating conditions of a stayed sentence who were convicted of a more severe offense or who had a longer criminal history.

*Id.*

Hamilton was convicted of a severity level eight offense, kidnapping. He had a criminal history score of five. He was continued on probation after two prior violations. His repeated failure to abide by the conditions of his probation provided a sufficient basis for the district court to conclude that he was unwilling to be rehabilitated, and therefore that the policies favoring probation are outweighed by the need for confinement.

While we would prefer that the district court make explicit findings on each element articulated in *Austin*, we conclude on this record that the district court's decision to revoke Hamilton's probation was amply supported by evidence and was not an abuse of discretion.

■ Hamilton argues that the district court could not determine whether the need for confinement outweighs the benefits of probation until Hamilton was actually tried on the new charges. He suggests that an acquittal on the new charges might make revocation inappropriate. Hamilton's argument reflects a misunderstanding of the terms of probation. First, it was not necessary to obtain a conviction on the new charges in order to revoke probation. It was only necessary to prove that the new charges were based on probable cause. Second, it is within the district court's discretion to conduct a revocation

hearing before the trial on the new charges. Minn. R.Crim. P. 27.04, subd. 2(4). In *State v. Phabsomphou*, 530 N.W.2d 876, 878 (Minn.App.1995), *review denied* (Minn. June 29, 1995), we held that the district court did not abuse its discretion in proceeding with the revocation hearing, even when new charges were the sole basis for revocation.

While our conclusion in *Phabsomphou* was based in part on the district court's offer of limited-use immunity to the defendant in that case (the issue we will discuss next), we conclude that the district court's justification for proceeding with the revocation hearing was even greater than in *Phabsomphou* because the issue was not whether Hamilton was guilty of the new charges but only whether they were supported by probable cause. We hold that the district court acted within its discretion in revoking Hamilton's probation prior to the resolution of the new charges against him.

## II

Hamilton argues that the district court violated his due process rights when it failed to offer him limited-use immunity to testify about the new criminal charges. With limited-use immunity, a defendant's statements cannot be used substantively at the trial on the new criminal charges. *Phabsomphou*, 530 N.W.2d at 878–79.

The record does not reflect that Hamilton ever requested limited-use immunity. We conclude that *Phabsomphou* did not obligate the district court to unilaterally offer a defendant limited-use immunity at the revocation hearing. While we recognize that an offer of limited-use immunity may be useful in some cases to guard a defendant's privilege against self-incrimination, we hold that the district court is not obligated to offer it, especially when, as here, the revocation of probation is not contingent on proof of guilt but may rest on proof of probable cause alone.

Further, we conclude that Hamilton's argument, that had he been offered limited-use immunity he might have testified at the hearing, is too speculative and remote, especially when Hamilton subsequently agreed to waive his right to testify at the trial on the new charges.

## DECISION

The district court had no affirmative duty to offer Hamilton limited-use immunity to testify at his probation-revocation hearing and it did not abuse its discretion in revoking the stay of Hamilton's 1995 sentence and ordering its execution.

**Affirmed.**