*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2186
A14-2190**

State of Minnesota,
Respondent,

vs.

Richard John McNeil,
Appellant.

**Filed August 24, 2015
Affirmed
Kirk, Judge**

St. Louis County District Court
File Nos. 69VI-CR-13-1431, 69VI-CR-13-1523

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Gordon P. Coldagelli, Assistant County Attorney, Virginia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Bjorkman, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

In these consolidated probation-revocation appeals, appellant Richard John McNeil argues that the district court erred in revoking his probation because it was his first probation violation and he lacked an opportunity to participate in drug treatment in the area where he resided. Because the record establishes that the district court did not abuse its discretion in revoking appellant's probation, we affirm.

## FACTS

In February 2014, appellant pleaded guilty to first-degree burglary in one case and aggravated first-degree witness tampering in another case, pursuant to a plea agreement for a downward dispositional departure in both cases and dismissal of the remaining charges. Appellant committed the first-degree burglary under the influence of methamphetamine.

At the sentencing hearing in March, appellant received a downward dispositional departure staying the presumptive executed prison sentences for each conviction. As part of his conditions of probation, the district court ordered appellant to complete a chemical dependency evaluation, to participate in any recommended drug treatment programs, and to refrain from using drugs unless prescribed.

On July 31, a probation-violation report was filed in both cases alleging that appellant had violated the conditions of his probation by (1) testing positive for methamphetamine and (2) causing fear or harm to a victim who had an order for protection prohibiting him from contacting her. At a probation-revocation hearing on

September 22, appellant admitted to using methamphetamine. His probation officer testified that appellant was released from jail on May 19 and that he started the recommended outpatient drug treatment program on June 4, in Duluth. However, he was discharged on June 26 because he had relocated to the Virginia area. Appellant was then referred to a local program. However, when appellant completed an intake and diagnostic assessment on July 21, he was informed that the local program no longer existed and that he needed to contact his chemical dependency evaluator for another referral. He did not do so. Appellant testified that he intended to continue with outpatient treatment and, in the alternative, he was willing to complete inpatient treatment. The district court found that appellant intentionally and inexcusably violated a condition of his probation by testing positive for methamphetamine, but did not find that he violated the other condition at issue.

At the disposition hearing on September 29, the district court described the severity of appellant's offenses and the significance of his methamphetamine use:

> You . . . went back to this drug that makes you a threat to the public, makes you a threat to society. And, under the circumstances, that's the part that is really causing me concern here . . . addiction is one thing, but addiction when it's accompanied with a departure from a presumptive commit to the guidelines on serious offenses – dangerous offenses – [when] you [have been] given a chance, and not only do you use, but you are using methamphetamine . . . you can't just walk into a liquor store, you can't walk into a grocery store and get methamphetamine. You have to put yourself in contact with [a] criminal element in order to get methamphetamine, which shows . . . a lot as to whether or not the [c]ourt can consider your sincerity on wanting to change your life.

3

The district court also noted appellant's failure to arrange for drug treatment after his move. The court went on to find that:

> [T]he need for confinement outweighs the policies favoring probation in that it is necessary to protect the public, that you are in need of correctional treatment which can most effectively be provided during confinement, and it would unduly depreciate the seriousness of the violation in light of the underlying charges in the original departure factors.

The district court revoked appellant's probation and executed the stayed prison sentences. This appeal follows.

## DECISION

When a probationer violates a condition of probation, the district court may continue probation, revoke probation and execute the stayed sentence, or order intermediate sanctions. Minn. Stat. § 609.14, subd. 3 (2014). The district court may revoke probation if it (1) designates the specific condition or conditions that were violated, (2) finds that the probationer intentionally or inexcusably violated a condition of probation, and (3) finds that the need for the probationer's confinement outweighs the policies favoring probation. *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980).

In determining whether the need for confinement outweighs the policies favoring probation, district courts must bear in mind that "policy considerations may require that probation not be revoked even though the facts may allow it" and that "[t]he purpose of probation is rehabilitation and revocation should be used only as a last resort when treatment has failed." *Id.* Courts must balance "the probationer's interest in freedom and the state's interest in insuring his rehabilitation and the public safety," and base their

4

decisions "on sound judgment and not just [the court's] will." *Id.* at 251. The district court "should refer" to the following 1970 American Bar Association Standards for Criminal Justice statement:

> Revocation followed by imprisonment should not be the disposition . . . unless the court finds on the basis of the original offense and the intervening conduct of the offender that:
> (i) confinement is necessary to protect the public from further criminal activity by the offender; or
> (ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
> (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*State v. Modtland*, 695 N.W.2d 602, 607 (Minn. 2005) (quoting *Austin*, 295 N.W.2d at 251). "A district court has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *Id.* at 605 (quotation omitted).

Appellant argues that the district court abused its discretion by revoking his probation because the need for his confinement does not outweigh the policies favoring probation. He points out that it was his first violation and contends that he was not given an opportunity to participate in drug treatment in the area where he resided. We disagree.

It is undisputed that appellant intentionally violated a condition of probation by using methamphetamine. Although he acknowledged his chemical dependency and had begun treatment, the district court aptly described how his methamphetamine use showed a lack of commitment to rehabilitation and is a danger to the public. Use of alcohol or illegal drugs may justify revocation of probation, particularly if the crime was committed

5

while under the influence of drugs or alcohol. *See State v. Losh*, 694 N.W.2d 98, 102 (Minn. App. 2005) (affirming revocation of probation based solely upon incident of drug use, where the district court found that the underlying crime "was the result of the abuse of drugs and alcohol and poor choices," and that appellant's continued use of controlled substances was "a danger to the public interest"), *aff'd on other grounds*, 721 N.W.2d 886 (Minn. 2006); *State v. Ehmke*, 400 N.W.2d 839, 840 (Minn. App. 1987) (affirming revocation of probation based on DWI convictions after appellant received probation for assault occurring while he was very intoxicated); *State v. Kaska*, 371 N.W.2d 89, 90-91 (Minn. App. 1985) (affirming revocation of probation based on open bottle and marijuana possession convictions where appellant had been warned about use of drugs at sentencing for felony theft). The record establishes that appellant knew how to arrange for continued drug treatment and the severe consequences of violating his conditions of probation, but he failed to act in the ten days before the probation-violation report. In addition, there is no evidence that he obtained drug treatment in the nearly two months between the time of the report and the revocation of his probation. The record supports the district court's conclusion that the need for confinement outweighs the policies in favor of probation due to methamphetamine's influence on appellant's criminal activity and the consequent danger to the public.

Recently, in *State v. Finch*, the Minnesota Supreme Court made clear that a downward dispositional departure sentence does not support automatically revoking probation after a probationer violates a condition of probation. 865 N.W.2d 696, 705 (Minn. 2015). The supreme court held that the district court judge was disqualified from

6

a probation revocation proceeding after she "unequivocally" stated that she would revoke the appellant's probation for any violation of a condition of his probation, and speculated that the appellant had deceived the court when he exercised his right to appeal. *Id.* Here, the district court never indicated that it would revoke appellant's probation for any violation. Instead, it properly considered the downward dispositional departure sentence as relevant to, but not determinative of, its weighing of the need for confinement against the policies favoring probation.

Appellant also argues that all available options had not been exhausted, such as participating in inpatient drug treatment. However, the district court was not required to consider all alternatives or whether inpatient treatment is more or less appropriate than prison. *See Modtland*, 695 N.W.2d at 607-08. It only had to make a fact-specific record that appellant intentionally violated his probation and that the need for confinement outweighed the policies favoring probation. *See Austin*, 295 N.W.2d at 250.

In a pro se supplemental brief, appellant describes his history of chronic drug use, its connection to his criminal charges, his limited drug treatment, and his admission to methamphetamine use prior to court-ordered drug testing that led to the probation violation. Based upon this information, he asks for an opportunity to "enter a long term treatment center." We will not consider these claims because they are unsupported by legal authority. *State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002) (concluding that arguments raised in pro se supplemental brief would not be considered because the "brief contain[ed] no argument or citation to legal authority in support of the allegations"); *State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) (stating that appellant's allegation

of error by the district court based on "mere assertion" and not supported by legal argument or authority is waived unless the prejudicial error is obvious upon mere inspection), *aff'd*, 728 N.W.2d 243 (Minn. 2007). However, we note that they are largely consistent with the other briefs appellant filed.

Accordingly, we find that the district court did not abuse its "broad discretion" when it revoked appellant's probation. *Id.* at 249-50.

**Affirmed.**