**Ronald Julian HANSON, Appellant,**

v.

**Rick PASSER, Chief Executive Officer, Anoka County Adult Detention Facility, Appellee.**

**No. 92–3792.**

United States Court of Appeals, Eighth Circuit.

Submitted June 18, 1993.

Decided Jan. 3, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 14, 1993.

Paul C. Engh, Minneapolis, MN, argued, for appellant.

Dennis A. Plahn, St. Cloud, MN, argued, for appellee.

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Ronald Julian Hanson appeals from the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition in which he challenged two state convictions. Hanson contends that he was denied his right to counsel in the first prosecution and that his guilty plea in the second prosecution was not voluntary. We affirm the denial of habeas corpus relief in the second prosecution but reverse as to the first prosecution, finding a Fourteenth Amendment violation resulting from the denial of Hanson's right to counsel.

## I. BACKGROUND

Hanson, a former police officer, was charged in October of 1989 with one count of furnishing alcohol to a minor in violation of Minn.Stat. § 340A.503, subd. 2(1) (1988). During the pendency of the first prosecution, the state filed a second complaint charging Hanson with similar conduct in relation to another minor.

In December of 1989, Hanson requested court-appointed counsel. After inquiring into his financial status at a preliminary hearing, the state court granted the request in part, determined that Hanson was entitled to counsel, and ordered that if Hanson paid $1,000 prior to the omnibus hearing, the court would appoint a public defender to represent him. Hanson appeared at the omnibus hearing without counsel and without having paid the $1,000 to entitle him to a public defender. Hanson protested the $1,000 prepayment requirement, saying he did not have the money, and he refused to waive his right to counsel. The omnibus court determined that Hanson's refusal to pay was an election to proceed pro se. The omnibus hearing proceeded over Hanson's continued protest of his pro se status.

In an order filed after the omnibus hearing, and perhaps sensing that an error had been committed, the judge modified the court appointment ruling, stating that "[i]f the defendant is willing to make provisions for substantial monthly payments from his pay he is receiving as a St. Cloud Police Officer, the court will accept those in lieu of the entire $1,000." (Appellee's Br., addend. at 1–2.) Also, a different state judge later reconsidered Hanson's request for court-appointed counsel and appointed the public defender to represent Hanson at trial, reserving any decision about Hanson's possible contribution. At trial, Hanson refused to accept the representation offered by the public defender even though the trial judge strongly encouraged Hanson to accept her assistance. Hanson proceeded pro se, and the public defender acted as standby counsel.

Following trial, the jury convicted Hanson on the first complaint. Hanson later entered a guilty plea on the second complaint. He was represented by court-appointed counsel when he decided to accept a plea agreement to the second complaint and when he pleaded guilty. After exhausting his state-court remedies, Hanson filed this habeas petition in federal district court.[1] The district court

---

1. At the time he filed his petition, Hanson was seeking release from the custody of the Anoka County Adult Detention Facility. Before the case reached this court, Hanson had completed his sentence and had been released from custody. Nevertheless, we retain jurisdiction under *Carafas v. LaVallee*, 391 U.S. 234, 238–39, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968), and we are empowered to grant a writ of habeas corpus nunc pro tunc (as of the date when the petition was filed) if relief is warranted. *See Parker v. Ellis*, 362 U.S. 574, 598–99, 80 S.Ct. 909, 922–23, 4 L.Ed.2d 963 (1960) (Douglas, J., dissenting), *overruled by Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

adopted the findings and conclusions of the magistrate's report and recommendation and denied the petition.

On appeal, Hanson contends that the district court erred in denying his habeas corpus petition. As to the first conviction, Hanson contends that the state court violated his Sixth Amendment right to counsel by conditioning the initial appointment of the public defender upon prepayment of $1,000 and that he did not waive his right to counsel by proceeding pro se at the omnibus hearing. As to the second conviction, Hanson contends that because he was denied counsel on the first complaint and the second complaint was prosecuted in a serial fashion, the constitutional violation in the first case renders his guilty plea to the second complaint involuntary.

## II. THE RIGHT TO COUNSEL

■ The Sixth Amendment guarantees that an accused in a criminal prosecution has the right to have the assistance of counsel for his defense. "[A] person accused of crime 'requires the guiding hand of counsel at every step in the proceedings against him,' *Powell v. Alabama,* 287 U.S. 45, 69 [53 S.Ct. 55, 64, 77 L.Ed. 158] (1932), and that constitutional principle is not limited to the presence of counsel at trial." *Coleman v. Alabama,* 399 U.S. 1, 7, 90 S.Ct. 1999, 2002, 26 L.Ed.2d 387 (1970). The Sixth Amendment right to counsel attaches at every critical stage of the prosecution, *see United States v. Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967); *Smith v. Lockhart,* 923 F.2d 1314, 1318 (8th Cir.1991), and is made obligatory upon the states by the Fourteenth Amendment, *see Gideon v. Wainwright,* 372 U.S. 335, 339–45, 83 S.Ct. 792, 793–97, 9 L.Ed.2d 799 (1963). In *Smith,* 923 F.2d at 1319–20, this court found that an Arkansas omnibus hearing, which is a pretrial hearing where motions are made and ruled upon and procedural and constitutional issues are considered, was a critical stage necessitating the assistance of counsel.

■ The proceeding at issue here is the pretrial omnibus hearing held on the first complaint on January 8 and 11, 1990, pursuant to Minnesota Rule of Criminal Procedure

11. At the omnibus hearing, the parties examined two witnesses and presented several pretrial motions including a motion to suppress and a motion to determine the admissibility of Rule 404(b)–type evidence of other offenses. At oral argument before this court, the county attorney conceded that the omnibus hearing was a critical stage in the prosecution, and we agree. A competent attorney could have provided Hanson with meaningful assistance. *See id.* at 1319.

■ The decisive issue is whether the court denied Hanson the right to counsel by conditioning his entitlement to court-appointed counsel upon *prepayment* of $1,000. We note that fundamental constitutional principles have long required courts to appoint counsel for criminal defendants who are financially unable to obtain counsel for their defense. "[A]ny person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. This seems to us to be an obvious truth." *Gideon,* 372 U.S. at 344, 83 S.Ct. at 796. A criminal defendant who can afford to contribute some amount to the expense of his defense but who cannot afford to hire counsel because his own resources are inadequate either to pay a retainer or to assure private counsel of full payment is functionally akin to an indigent defendant and equally entitled to court-appointed counsel.

Minnesota Rule of Criminal Procedure 5.02(5) recognizes that one who can pay part but not all of the cost of his defense cannot be denied appointment of counsel. "The ability to pay part of the cost of adequate representation at any time while the charges are pending against a defendant shall not preclude the appointment of counsel for the defendant." *Id. See also* Minn.Stat. § 611.18 (1986) ("If it appears to a court that a person requesting an appointment of counsel satisfies the requirements of this chapter the court shall order the appropriate public defender to represent the person at all further stages of the proceeding ...."). "A defendant is financially unable to obtain counsel if financially unable to obtain adequate representation without substantial hardship for the defendant or the defendant's family." Minn.R.Crim.P. 5.02(3). The Criminal Jus-

tice Act uses substantially similar language in 18 U.S.C. § 3006A, and we have held in other contexts that the Act adds no new substantive rights but is merely a means of implementing the constitutional right to counsel. *See Ray v. United States,* 367 F.2d 258, 264 (8th Cir.1966), *cert. denied,* 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785 (1967). The phrase "financially unable to obtain counsel" does not require a showing of indigency to entitle an accused to counsel; it is a less stringent standard. *See United States v. Foster,* 867 F.2d 838, 839 (5th Cir.1989); *United States v. Nichols,* 841 F.2d 1485, 1506 (10th Cir.1988). It is evident under this standard that one need not be totally indigent to be entitled to court-appointed counsel.

■ Certainly, when court-appointed counsel is provided, it is constitutionally permissible to require the defendant to repay the expense incurred by the state in providing the representation if the defendant later becomes able to repay, so long as "[t]hose who remain indigent or for whom repayment would work 'manifest hardship' are forever exempt from any obligation to repay." *Fuller v. Oregon,* 417 U.S. 40, 53, 94 S.Ct. 2116, 2124, 40 L.Ed.2d 642 (1974). Under any state system for recouping the costs of court-appointed attorney's fees, it is essential that "the program under all circumstances must guarantee the indigent defendant's fundamental right to counsel without cumbersome procedural obstacles designed to determine whether he is entitled to court-appointed representation." *Alexander v. Johnson,* 742 F.2d 117, 124 (4th Cir.1984). In *Alexander,* the court found that North Carolina's recoupment statute was constitutional based in part on the preliminary determination that "[t]he indigent defendant's fundamental right to counsel is preserved ... and no preconditions are placed on the exercise of that right beyond a reasonable and minimally intrusive procedure designed to establish the fact of indigency." *Id.* at 124–25.

■ Minnesota's recoupment statute also preserves the fundamental right to counsel. While the second sentence of Minnesota Rule of Criminal Procedure 5.02(5) provides that "[t]he court may require a defendant, to the extent able, to compensate the governmental unit charged with paying the expense of appointed counsel," nothing in that rule permits a court to condition the appointment on *pre*payment. Indeed, as indicated above, the thrust of the rule is that a partial ability to pay "shall not preclude the appointment of counsel." *Id.* The Minnesota statute for determining the terms of such compensation by a defendant for the services of his court-appointed counsel is phrased in terms of "reimbursement." *See* Minn.Stat. § 611.35 (1986). "Any person who is represented by a public defender or appointive counsel shall, if financially able to pay, reimburse the governmental unit chargeable with the compensation of such public defender ..." *Id. Black's Law Dictionary* defines "reimburse" as meaning "to pay back" or "to repay that expended." *Black's Law Dictionary* 1287 (6th ed. 1990). Reimburse does not mean pay in advance.

■ The parties agree[2] that following the preliminary hearing, the court granted Hanson's application for court-appointed counsel but did so on the condition that Hanson first pay $1,000. The parties understood that if Hanson tendered that amount prior to the omnibus hearing, he would have the benefit of court-appointed counsel. Hanson contested his ability to pay $1,000 up front, explained why he could not do so, and he did not tender $1,000 before the omnibus hearing. Hanson appeared at the omnibus hearing without counsel, and the prosecutor asked the court to make a determination that Hanson had waived his right to counsel by not retaining a lawyer when he possessed the resources to do so. (Omnibus Tr. at 4, Jan. 8 & 11, 1990.) The court responded, "Well, Mr. Hanson did apply for a public defender,

**2.** The transcript of the preliminary hearing where the state court determined Hanson's financial status and his eligibility for court-appointed counsel are not part of the record before this court. We therefore rely on the agreement of the parties and later statements by the state

court as to the nature of the initial order granting court-appointed counsel, and we are unable to engage in an independent review to determine if the findings made by the trial court at that preliminary hearing are supported by the record.

and I granted that on certain conditions, which as far as I know have not been met." (*Id.*)

The clear implication of the state court's order granting Hanson's application for court-appointed counsel is that, in spite of Hanson's ability to contribute to the expense of his defense, he was not capable of retaining counsel by his own resources and was then entitled to court-appointed counsel. Had the omnibus court immediately appointed counsel and required Hanson sometime in the future to contribute toward the costs of his defense as the trial court was later disposed to do, the arrangement would have passed constitutional muster. Here, however, the omnibus court *preconditioned* Hanson's right to the assistance of counsel upon payment of a sum of money. Such an arrangement is contrary to the Sixth Amendment guarantee of counsel, which attaches regardless of financial capability. This is not to say that a defendant who is financially capable of retaining counsel on his own is entitled to court-appointed counsel when he refuses to hire an attorney. *See United States v. Bauer,* 956 F.2d 693, 695 n. 2 (7th Cir.1992) (a defendant who is able to retain a lawyer is not entitled to court-appointed counsel no matter how critical the stage). When the state court determines, however, that the defendant is not capable of retaining an attorney on his own and grants the defendant's application for a court-appointed attorney, the court cannot then withhold the constitutionally-mandated appointment until a sum of money is paid.

Citing *Bauer* and *United States v. Weninger,* 624 F.2d 163 (10th Cir.1980), the state contends that Hanson waived his right to counsel by the combination of his ability to pay and his refusal to do so, based upon the court's conclusion that Hanson had the ability to pay $1,000. We disagree.

First, as we previously noted, there is no record for us to review to determine whether or not the court's finding that Hanson had the ability to contribute $1,000 is supported by the facts. *See supra* note 2. This erodes the very premise of the county attorney's argument.

Second, to waive the right to counsel, the accused must make a voluntary, knowing, and intelligent waiver, and must be fully advised of the dangers and disadvantages of self-representation before waiving the right. *Berry v. Lockhart,* 873 F.2d 1168, 1170 (8th Cir.1989). No such waiver appears on the record in this case. At the omnibus hearing, Hanson persistently asserted that he was entitled to counsel and protested at having to proceed pro se.

Third, the cases cited by the appellee are factually distinguishable from this case. In *Bauer* and *Weninger,* the court in each case found that the defendant was financially capable of hiring private counsel and that the defendant's failure to hire private counsel when he was fully capable of doing so amounted to a valid waiver. *See Bauer,* 956 F.2d at 695; *Weninger,* 624 F.2d at 167. In this case, the court approved Hanson's application for court-appointed counsel, essentially finding that Hanson could not retain an attorney on his own. Even assuming Hanson was capable of paying $1,000, the $1,000 prepayment requirement does not transform this case into one where the defendant was found capable of obtaining private counsel. We find that Hanson did not waive his right to counsel by proceeding pro se at the omnibus hearing.

We hold that the state court violated the Fourteenth Amendment in Hanson's first prosecution by conditioning Hanson's right to counsel at the omnibus hearing upon *prepayment* of $1,000. Although orders subsequent to the omnibus hearing removed the prepayment requirement, this does not cure the constitutional violation that occurred at the omnibus hearing. Further, we need not independently inquire into whether prejudice resulted. "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.... Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost." *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *see Berry,* 873 F.2d at 1171 ("Outright denial of counsel cannot be harmless error.").

## III. THE GUILTY PLEA

Hanson also seeks a writ of habeas corpus as to the second state-court prosecution, in which he entered a guilty plea. To be valid, a guilty plea must represent " 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)). A guilty plea entered with assistance of counsel is presumed to be valid. *See United States v. Washington,* 886 F.2d 154, 157 (8th Cir.1989). To overcome this presumption of validity, a defendant must demonstrate that he received ineffective assistance of counsel and that he was prejudiced thereby. *See Hill,* 474 U.S. at 56–60, 106 S.Ct. at 369–71 (applying standards set forth in *Strickland* to guilty plea proceeding). The following principle is now well recognized:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ].

*Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

Hanson was represented by counsel in the plea proceeding and admits that he was fully advised of his rights. (Appellant's Br. at 25.) On the record, Hanson agreed to the facts as set forth in the complaint and offered a plea of guilty. (Plea Tr. at 16, 18–20.) The trial court accepted Hanson's plea as "freely, voluntarily, and intelligently entered," and found that there was a factual basis for the plea. (*Id.* at 25.)

The plea agreement provided that in exchange for Hanson's guilty plea, any sentence imposed would be no greater than 100 days in jail and would run concurrently with the sentence imposed in the prior case.[3] (*Id.* at 3.) Hanson contends that had he not been convicted in violation of his constitutional right to counsel in the first case, he would have had no incentive to enter into the guilty plea agreement in the second prosecution and therefore he did not enter into the guilty plea voluntarily.

Although there is some support in the record for Hanson's assertion that he would not have entered into the plea absent the conviction in the first case, this does not make his plea involuntary, and it is not a basis for granting federal habeas corpus relief. Hanson does not assert that his attorney was ineffective in counseling him to enter into the guilty plea. Also, there is no claim of misconduct by the state such as coercing the guilty plea in the second case by threatening to use evidence obtained as a result of the constitutional violation. The plea agreement simply is not a product of the constitutional violation, which was the denial of counsel at the omnibus hearing on the first complaint. Further, because the guilty plea was entered into on the advice of competent counsel, any possible connection between the constitutional violation in the first case and the guilty plea in the second case is too attenuated to amount to constitutional error. *See Carbray v. Champion,* 905 F.2d 314, 316 (10th Cir.1990) (prior invalid conviction too attenuated from subsequent guilty plea to entitle habeas petitioner to relief), *cert. denied,* 498 U.S. 1072, 111 S.Ct. 796, 112 L.Ed.2d 858 (1991).

Any reliance Hanson may have placed upon the fact of the first conviction in entering into the guilty plea does not affect the reliability of his plea. A voluntary and intelligent guilty plea is not vulnerable to later attack simply because the defendant did not correctly assess every relevant factor enter-

---

**3.** For the first conviction, Hanson was sentenced to pay a $1,000 fine, serve 100 days in jail, complete 100 hours of community service, and complete a two-year period of supervised probation. (Sent. Tr. at 8–9, July 24, 1990.)

282

ing into his decision to plead. *Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970). Hanson cannot claim that his guilty plea is involuntary merely because the plea may have been entered into under the faulty premise that the first conviction was valid.

## IV. CONCLUSION

We have considered Hanson's other contentions, and we find them to be without merit. Accordingly, we affirm the judgment of the district court denying Hanson's habeas corpus petition as to the second prosecution. As to the first prosecution, Minnesota No. K9–89–2765, that conviction cannot stand and hence we reverse the judgment of the district court and remand with instructions that the district court grant a writ of habeas corpus.