STATE of Minnesota, Respondent,

v.

David Eugene FERRIS, Appellant.

No. C8–95–1546.

Court of Appeals of Minnesota.

Dec. 12, 1995.

Hubert H. Humphrey, III, Attorney General, St. Paul, Douglas L. Ruth, Owatonna, for Respondent.

Lawrence W. Pry, Assistant State Public Defender, St. Paul, for Appellant.

Considered and decided by RANDALL, P.J., and SHORT and PETERSON, JJ.

## OPINION

RANDALL, Judge.

David Ferris argues the district court violated his right to counsel when it denied his request for court-appointed counsel during a probation revocation hearing without making a determination that he could obtain representation without substantial hardship. We reverse and remand.

## FACTS

Ferris was charged with gross misdemeanor driving under the influence pursuant to Minn.Stat. § 169.121, subds. 1(a), 3(c)(1) (1994) and gross misdemeanor refusal to submit to testing pursuant to Minn.Stat. § 169.121, subds. 1a, 3(c)(1) (1994). Ferris entered a negotiated guilty plea to gross misdemeanor driving under the influence.

The district court sentenced Ferris to serve one year in jail and to pay a $900 fine.

The court stayed all but sixty days of the jail sentence and placed Ferris on three years probation. The district court placed conditions on the probation, and in addition to paying various fines and taxes, Ferris had to refrain from using alcohol, avoid contact with bars or liquor stores, submit to random testing by court services, and not re-offend.

On March 9, 1995, the Director of Steele County Court Services, Jerry Peterson, informed the court that Ferris admitted drinking, in violation of the probation conditions. The court signed an order to show cause, and directed Ferris to appear before the court on March 20, 1995.

On March 20, Ferris appeared before the court. The court advised Ferris of his right to counsel and that if he could not afford to hire an attorney, he would be provided with a court-appointed attorney. Ferris requested a public defender.

Ferris submitted a document titled affidavit of indigency. The affidavit listed his weekly income as $320. It showed he was single with no dependents. The affidavit listed no cash on hand and no other assets. It also listed total indebtedness of $3389.28 and monthly rent of $335.

After verifying the information contained in the affidavit with Ferris, the court stated, "All right, Mr. Ferris, you do not qualify for a court-appointed attorney at state expense. I will give you some time to retain counsel of your own choosing if you wish to do so." The district court made no findings on the record regarding Ferris's ability to obtain representation without substantial hardship, and released Ferris on his own recognizance pending a hearing on March 27, 1995, at which time Ferris was to appear with a private attorney.

On March 27, Ferris appeared in court without an attorney. He requested more time to hire an attorney, and stated he was having trouble finding an attorney "because of the financial aspects." Ferris stated he had contacted three attorneys. One of the attorneys even wrote to the county attorney indicating Ferris was indigent. None of the three would accept Ferris as a client because he was simply unable to even pay modest fees. The court again released Ferris on his own recognizance and stated:

> Well, I am going to enter a denial on this matter and we'll send you a notice for a date and time for hearing on the alleged violations and it will be up to you to either have counsel on board by the date that hearing is set or to be prepared to represent yourself at the hearing.

The court originally scheduled the revocation hearing for May 15, 1995, but because Jerry Peterson, the Director of Steele County Court Services, was unavailable at that time, it was moved up to April 19, 1995.

At the April 19 hearing, the court informed Ferris of his right to be represented by court-appointed counsel if he could not afford to hire private counsel. The court then asked the prosecutor if the actual revocation hearing was set for that day. The prosecutor explained why the hearing had been moved to April 19. The prosecutor stated that the matter had already been before the court on two previous dates, and that the court had denied Ferris's request for a public defender and ordered him to appear with private counsel or proceed pro se. When the prosecutor stated she was prepared to proceed with the hearing, the following exchange took place:

> THE COURT: Mr. Ferris, how do you wish to proceed.
>
> THE DEFENDANT: I believe I will act as my own attorney, I guess, under protest.
>
> THE COURT: Under protest in what manner, sir.
>
> THE DEFENDANT: Because I still don't want to waive my right to representation by counsel.
>
> THE COURT: Well, who have you contacted to represent yourself in this matter.
>
> THE DEFENDANT: Several lawyers in town but they have all refused because of the monetary retainer fee.
>
> THE COURT: [to the prosecutor] All right, Ms. Long, you may proceed.

The only indication in the record of what was the basis for the court's finding came at the end of the hearing, where the court stated:

Should you lose your job over this or something like that, that would change your income circumstances, Mr. Ferris, you can reapply to the court for the court-appointed counsel at that time but with an income of $320 a week, you exceed by almost double what the maximum guideline is for court-appointed attorney.

At the hearing, Jerry Peterson testified Ferris admitted in writing that he was drinking on March 9, 1995, a violation of the terms of probation. Ferris did not testify. The court found Ferris in violation of probation, revoked the original stay, and ordered Ferris to serve one year in jail with six months of that time stayed, and ordered him to pay a $900 fine with a $135 surcharge. This appeal followed.

Ferris filed his appellant's brief on July 19, 1995. The state did not timely file its respondent's brief, and this court ordered that the case proceed pursuant to Minn.R.Civ. App.P. 142.03 (if respondent fails to file a brief, the case shall be determined on the merits).

## ISSUE

Did the district court violate Ferris's right to counsel when it denied his request for court-appointed counsel at his probation revocation hearing without specifically finding that he could obtain representation without substantial hardship?

## ANALYSIS

██ The Sixth Amendment right to counsel attaches at every critical stage of the prosecution. *United States v. Wade,* 388 U.S. 218, 224, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967). This requirement applies to the states via the Fourteenth Amendment. *Gideon v. Wainwright,* 372 U.S. 335, 339–45, 83 S.Ct. 792, 793–97, 9 L.Ed.2d 799 (1963).

The U.S. Supreme Court has held that counsel had to be appointed at a "combined sentencing" and probation revocation hearing. *Mempa v. Rhay,* 389 U.S. 128, 135–37, 88 S.Ct. 254, 257–58, 19 L.Ed.2d 336 (1967), *accord U.S. v. Gras,* 446 F.2d 7, 9 (5th Cir. 1971) (holding defendant entitled to court-appointed counsel at probation revocation hearing under the federal Criminal Justice Act). The Minnesota legislature has provided that a defendant is entitled to representation at a probation revocation hearing. Minn.Stat. § 609.14, subd. 2 (1994).

With respect to cases involving felonies and gross misdemeanors, Minn.R.Crim.P. 5.02, provides:

**Subd. 1. Felonies and Gross Misdemeanors.** If the defendant is not represented by counsel and is financially unable to afford counsel, the judge or judicial officer shall appoint counsel for the defendant.

\* \* \* \* \* \*

**Subd. 3. Standard of Indigency.** A defendant is financially unable to obtain counsel if financially unable to obtain adequate representation without substantial hardship for the defendant or the defendant's family.

**Subd. 4. Financial Inquiry.** An inquiry to determine financial eligibility of a defendant for the appointment of counsel shall be made whenever possible prior to the court appearance and by such persons as the court may direct. This inquiry may be combined with the pre-release investigation provided for in Rule 6.02, subd. 3.

**Subd. 5. Partial Eligibility and Reimbursement.** The ability to pay part of the cost of adequate representation at any time while the charges are pending against a defendant shall not preclude the appointment of counsel for the defendant. The court may require a defendant, to the extent able, to compensate the governmental unit charged with paying the expense of appointed counsel.

The comments to rule 5.02 give guidance to the district courts in determining whether a defendant is sufficiently indigent to require the appointment of counsel. The comment provides:

Rule 5.02, subd. 3 prescribes the standard to be applied by the court in determining whether a defendant is sufficiently indigent to require the appointment of counsel. This standard is taken from ABA

Standards, Providing Defense Services, 6.1 (Approved Draft, 1968).

\* \* \* \* \* \*

### Standards

(1) A defendant will be presumed to be financially unable to afford counsel if:

(a) the defendant's cash assets are less than $300.00 when entitled to only a court trial; or

(b) the defendant's cash assets are less than $500.00 when entitled to a jury trial; and

(c) the defendant's current weekly net income does not exceed forty times the federal minimum hourly wage as prescribed by federal law in effect at the time if the defendant is unmarried and without dependents; or,

(d) the defendant's current weekly net income and that of the defendant's spouse do not exceed sixty times the federal minimum hourly wage as prescribed by federal law in effect at the time, if the defendant is married and without dependents. In determining the amounts specified under either section (c) or section (d), for each dependent the amount shall be increased by $25.00 per week.

Minn.R.Crim.P. 5.02 cmt.

■ It is clear that Ferris does not qualify under paragraph one of the standard, and therefore Ferris has no "presumption" of indigency. However, Ferris correctly argues that the district court should have then considered whether having to obtain private counsel would be a substantial hardship for him.

The comment to rule 5.02 continues:

(2) A defendant who has cash assets or income exceeding the amounts specified in paragraph (1) shall not be presumed to be financially able to obtain counsel. The determination shall be made by the court as a practical matter, taking into account such other factors as the defendant's length of employment or unemployment, prior income, the value and nature of the defendant's assets, number of children and other family responsibilities, number and nature of debts arising from any source, the amount customarily charged by members of the practicing bar for representation of the type in question, and any other relevant factor.

(3) *In determining whether a defendant is financially able to obtain adequate representation without substantial hardship to the defendant or the defendant's family:*

(a) cash assets include those assets which may be readily converted to cash by sale or loan without jeopardizing the defendant's ability to maintain a home or employment. A single family automobile shall not be considered a cash asset.

(b) the fact that the defendant has posted or can post bail is irrelevant except insofar as it represents a cash asset belonging to the defendant which could be assigned to retain counsel. The amount of bail which is or can be posted shall not in itself render a defendant financially able to obtain counsel.

Minn.R.Crim.P. 5.02 cmt.

Ferris argues that paragraph one provides for a presumption of indigency for those who qualify, but does not provide a presumption of non-indigency. We agree. The comment provides:

Under part (1) of the recommended standards a defendant will be presumed to be financially unable to retain defense counsel and counsel shall be appointed when the defendant's income and assets fail to meet the specified minimum levels. \* \* \* *As made clear by part (2) of the recommended standard, part (1) provides a presumption of indigency and is not to be taken as indicating that a defendant with a higher income and assets must obtain private counsel. A defendant with a higher income or assets should still be appointed counsel if unable under part (2) to obtain adequate representation without substantial hardship to the defendant or the defendant's family.* In making this determination the court shall consider the factors listed in parts (2) and (3) of the standard as well as any other relevant factors.

Minn.R.Crim.P. 5.02 cmt. (emphasis added).

The comment is consistent with what case law there is construing the rule. The Eighth Circuit construed the rule, and stated:

Minnesota Rule of Criminal Procedure 5.02(5) recognizes that one who can pay part but not all of the cost of his defense cannot be denied appointment of counsel. "The ability to pay part of the cost of adequate representation at any time while the charges are pending against a defendant shall not preclude the appointment of counsel for the defendant." *Id.. See also* Minn.Stat. § 611.18 (1986) ("If it appears to a court that a person requesting an appointment of counsel satisfies the requirements of this chapter the court shall order the appropriate public defender to represent the person at all further stages of the proceeding * * *"). "A defendant is financially unable to obtain counsel if financially unable to obtain adequate representation without substantial hardship for the defendant or the defendant's family." Minn.R.Crim.P. 5.02(3).

*Hanson v. Passer*, 13 F.3d 275, 278 (8th Cir.1994), *cert. denied,* — U.S. —, 114 S.Ct. 1859, 128 L.Ed.2d 482 (1994).

The *Hanson* case indicates that the federal court read the rule to mean that even if a defendant was not indigent under the rule, that the defendant still had a right to counsel but "could be" required to pay a part of the cost. The court states,

> The phrase "financially unable to obtain counsel" does not require a showing of indigency to entitle an accused to counsel; it is a less stringent standard. *It is evident under this standard that one need not be totally indigent to be entitled to court-appointed counsel.*

*Id.* at 279 (citation omitted). We agree with the reasoning applied in *Hanson.*

■ The district court should have determined whether obtaining private counsel would have been a substantial hardship for Ferris. Instead, it appears from the record that once the district court determined Ferris did not qualify under the income guidelines, it decided flatly that Ferris was not entitled to court-appointed counsel. Where a person does not fit within the income or asset guidelines, rule 5.02 requires the district court to make a further determination of whether obtaining private counsel would be a substantial hardship for the defendant or the defendant's family.

The comment to rule 5.02 explains how the rule provides the district court flexibility in appointing counsel. The comment states that if the defendant is of moderate means, but paying for private representation would be a substantial hardship for the defendant or the defendant's family, then the court could still appoint counsel, and the defendant could be responsible for part of the expense.

> Rule 5.02, subd. 5 provides that the ability of a defendant to pay part of the cost of adequate representation when charges are pending shall not preclude the court from appointing counsel. *This provision is included to make clear that counsel can be appointed for the person of moderate means who would be subject to substantial financial hardship if forced to pay the full cost of adequate representation. In such circumstances the court may require the defendant to the extent able to compensate the governmental unit charged with paying the expense of the appointed counsel.*

Minn.R.Crim.P. 5.02 cmt. (emphasis added).

From the record, it is clear the district court only considered whether Ferris's income fell within the guidelines. The analysis stopped there.

We remand for a hearing so that the district court can make a determination on whether obtaining private counsel would be a "substantial hardship" for Ferris under rule 5.02. Whether to appoint counsel, either at public expense or only at partial public expense, remains within the discretion of the district court. We express no opinion on whether Ferris is entitled to a public defender. We only state that Ferris is entitled to a determination whether obtaining private counsel would be a substantial hardship for him. The district court can, if it so chooses, reopen the record to make its determination on this issue.

## DECISION

Pursuant to Minn.R.Crim.P. 5.02, Ferris was entitled to a determination on whether

obtaining private counsel would be a substantial hardship for him.

**Reversed and remanded.**

SHORT, Judge (dissenting).

I respectfully dissent because there is no indication the trial court used the wrong legal standard in determining Ferris was financially ineligible for court-appointed counsel. It is undisputed Ferris did not meet the standard to be "presumed" indigent. *See* Minn.R.Crim.P. 5.02 cmt. (presuming a single defendant without dependents to be indigent only if weekly income amounts to less than 40 times the federal minimum hourly wage). While a defendant need not be totally without resources to be entitled to court-appointed counsel, there must be evidence that obtaining adequate representation would cause a substantial hardship to the defendant. Minn.R.Crim.P. 5.02, subd. 3.

Ferris filed an affidavit containing the facts relevant to his financial eligibility. The rules mandate consideration of relevant factors; however, there is no requirement that a trial court make findings on a defendant's financial eligibility. *See* Minn.R.Crim.P. 5.02, subds. 1, 3, 4 (basic standard to apply and financial inquiry required). The record demonstrates Ferris is a single person with no dependents and with income more than sufficient to cover his identified expenses and obligations. *See, e.g., State v. Lafler,* 224 Neb. 613, 399 N.W.2d 808, 811 (1987) (upholding denial of appointed counsel because defendant had income and assets sufficient to secure private counsel). While Ferris produced evidence that one attorney demanded a $1,250 retainer, this demonstrates neither (1) the reasonable cost of adequate representation, nor (2) that Ferris would suffer a substantial hardship if he retained private counsel. No facts suggest the trial court failed to consider all of the relevant criteria set forth in Ferris's affidavit. Under these circumstances, the trial court did not abuse its discretion by finding Ferris in violation of probation, revoking the original stay, and ordering Ferris to serve his sentence and pay a fine. I would affirm the probation revocation order.