**STATE of Minnesota, Respondent,**

v.

**Michael Andrew BALMA, Appellant.**

**No. C9–96–304.**

Court of Appeals of Minnesota.

June 4, 1996.

Hubert H. Humphrey, III, Attorney General, St. Paul, Paul T. Ostrow, Sweeney, Borer & Ostrow, St. Paul, for respondent.

Daniel Jon Smith, Meshbesher Law Office, Minnetonka, for appellant.

Considered and decided by PARKER, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

PARKER, Judge.

Appellant Michael Andrew Balma argues that the trial court abused discretion by (1) denying his request for court-appointed counsel during a probation revocation hearing and (2) revoking his probation. We affirm in part, vacate in part, and remand.

## FACTS

On June 15, 1995, Balma pled guilty to fifth-degree assault. He was placed on two years probation with 90 days stayed. The court also ordered Balma to (1) complete a chemical dependency treatment requiring total abstinence, (2) complete a domestic abuse aftercare program, and (3) pay a fine.

In October 1995, the director of Anoka County Community Corrections informed the trial court that Balma had failed to follow the probation order and recommended that Balma's stay of sentence be vacated and annulled. A probation revocation hearing was scheduled for November 2, 1995, but was continued at Balma's request until November 23.

At the hearing, the judge told Balma that he was entitled to representation at the revocation hearing by either a private attorney or a public defender. Balma told the judge that he had contacted Mr. Meshbesher to represent him and that Mr. Meshbesher had agreed to take his case, but (because of scheduling difficulties) only if a continuance was granted.

The district court agreed to continue the case again; however, he instructed Balma that the revocation hearing would be set for December 12, 1995, with or without Mr. Meshbesher, and without any more continu-

ances. Balma made no mention of wanting or needing a public defender.

On December 12, 1995, Balma appeared at the probation revocation hearing unrepresented by counsel and requested a public defender. On review of Balma's application for a public defender, the court denied his request, and the hearing proceeded. The court allowed the state to present evidence and call witnesses. The state rested and the judge asked Balma if he would like to give any testimony or present witnesses. Balma responded, "No, I do not wish to. Not without proper representation."

Based on the testimony of the state's witnesses, the court found Balma in violation of the terms and conditions of his probation. He was sentenced to 45 days executed and directed to pay the fine ordered in his original sentence.

## ISSUES

I. Did the trial court violate Balma's constitutional right to counsel by denying his request for a public defender at the probation revocation hearing?

II. Did the trial court abuse discretion by revoking Balma's probation without making specific findings on the record?

## DISCUSSION

On review of postconviction proceedings, this court asks only whether the evidence is sufficient to sustain the postconviction court's findings.

*Scruggs v. State,* 484 N.W.2d 21, 25 (Minn. 1992). "[A] postconviction court's decision will not be disturbed absent an abuse of discretion." *Id.*

The trial court has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion.

*State v. Austin,* 295 N.W.2d 246, 249–50 (Minn.1980).

## I.

Balma argues that he was denied his constitutional right to counsel when the trial court failed to provide him the assistance of a public defender at his probation revocation hearing. Balma contends that, pursuant to Minn.R.Crim.P. 5.02, his request for a public defender was denied because he failed to qualify for a presumption of indigence. He argues that before the trial court denied his request, the court should have made further inquiry to determine whether obtaining private counsel would pose a substantial financial hardship for his family. In support of his argument, Balma cites *State v. Ferris,* 540 N.W.2d 891 (Minn.App.1995).

In *Ferris,* a defendant submitted documentation to the court to obtain public defender representation for his probation revocation hearing. *Id.* at 892. Based on income guidelines for indigence, the court determined that Ferris did not qualify for a public defender, and he was ordered to appear at the hearing with private counsel or to be prepared to represent himself. *Id.* Ferris repeatedly informed the court that he was unable to afford private counsel and submitted affidavits from private attorneys supporting his claim of indigence. *Id.*

Ferris appeared at the hearing, but stated that he did not wish to proceed because he was unable to afford private counsel for the hearing. *Id.* Pursuant to Minn.R.Crim.P. 5.02 and the corresponding comment to the rule, this court determined that before the trial court denied his request for a public defender, Ferris was entitled to a determination on whether obtaining private counsel would have been a substantial financial hardship. *Id.* at 895–96.

■ The right to counsel, as guaranteed by the Sixth Amendment, attaches at every critical stage of the prosecution. *United States v. Wade,* 388 U.S. 218, 224, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967). "The Minnesota legislature has provided that a defendant is entitled to representation at a probation revocation hearing." *Ferris,* 540 N.W.2d at 893 (citing Minn.Stat. § 609.14, subd. 2 (1994)). Minn.R.Crim.P 5.02(5) " 'recognizes that one who can pay part but not all of the cost of his defense cannot be denied appointment of counsel.' " *Id.* at 895 (quoting *Hanson v. Passer,* 13 F.3d 275, 278 (8th Cir.1994), *cert. denied,* — U.S. —,

114 S.Ct. 1859, 128 L.Ed.2d 482 (1994) (the ability to pay part of the cost of adequate representation at any time while charges are pending against a defendant shall not preclude the appointment of counsel for the defendant)).

■ The case before us presents quite different circumstances from those in *Ferris,* and we believe the trial court had no duty to make further inquiry as to Balma's financial ability to obtain private counsel. Balma at all times asserted his intention to have private counsel for his probation revocation hearing. Moreover, he requested and obtained two continuances of his probation revocation hearing to accommodate the scheduling conflicts of his private attorney. After granting the second continuance, the trial court informed Balma he would not be granted any additional continuances and would be required to appear at the rescheduled hearing "with or without" his private attorney.

The record reveals that Balma did not apply for a public defender until the day of his rescheduled probation revocation hearing. At the hearing, Balma did not inform the court that he had been unable to afford private counsel, but indicated only that he did not wish to proceed without representation. There is no evidence in the record of a claim by Balma (prior to this appeal) that he was unable to afford private counsel. He did not present any evidence or inform the trial court that obtaining private counsel would constitute a financial hardship. On this record, and after two continuances were granted, we cannot say that the trial court abused discretion by not making inquiry into Balma's financial ability to retain private representation for the probation revocation hearing.

## II.

Balma argues that the trial court abused discretion by revoking the stay of execution of his probation without making explicit, explanatory findings on the record. Balma cites *Austin,* 295 N.W.2d at 246, for support. In *Austin,* the Minnesota Supreme Court determined that before a trial court can revoke probation, a three-step analysis must be undertaken wherein the trial court must:

(1) designate the specific condition or conditions that were violated; (2) find that the violation was intentional or inexcusable; and (3) find that need for confinement outweighs the policies favoring probation. *Id.* at 250.

■ If a probationer violates conditions of probation, the trial court may revoke probation and execute the sentence previously imposed. Minn.Stat. § 609.14, subd. 3(2) (1994). "Before a stay is revoked, the trial court must find that a condition has been intentionally or inexcusably violated and that the 'need for confinement outweighs the policies favoring probation.'" *State v. Ehmke,* 400 N.W.2d 839, 840 (Minn.App.1987) (quoting *Austin,* 295 N.W.2d at 250). However, when the trial court has failed to make the three *Austin* findings, the reviewing court may nevertheless affirm the trial court's revocation of a stayed sentence, provided that there is sufficient evidence in the record to support the necessary findings. *Austin,* 295 N.W.2d at 250 (citing *Pearson v. State,* 308 Minn. 287, 241 N.W.2d 490 (1976)) (holding that there was sufficient evidence to warrant the required finding).

At the hearing, the director of the Anoka County Community Corrections Department testified as to Balma's failure to comply with the terms and conditions of his probation. The director provided the trial court with a copy of a summary report which noted Balma's probation compliance violations. Without making any findings, the trial court issued an order revoking Balma's probation.

■ We acknowledge the "sufficient evidence" exception. On the record before us, however, the trial court has not made any findings to provide an adequate record for appellate review. We believe that the trial court, at a minimum, must make explicit findings on the record of the proceedings, if no written findings are made as part of the resulting order. Because the district court failed to make any findings, "this court will not search the record to determine whether sufficient evidence was presented to support the revocation of a stay of execution of sentence." *State v. Hlavac,* 540 N.W.2d 551, 553 (Minn.App.1995). We conclude that, without

such findings, we cannot review whether the required three-step *Austin* analysis has been undertaken. We vacate the revocation order and remand for appropriate findings.

### DECISION

We affirm the district court's denial of Balma's request for a public defender for his probation revocation hearing. There is evidence in the record to support the district court's finding that Balma asserted a willingness to hire private counsel, and he presented no evidence that obtaining private counsel would create a financial hardship. We vacate and remand the trial court's order revoking Balma's probation because of the failure to make explicit findings as required by the supreme court in *Austin.*

**Affirmed in part, vacated in part, and remanded.**