**STATE of Minnesota, Respondent,**

v.

**Jaimie Lynn CUNNINGHAM, et al., Appellants.**

**No. C5–02–1718.**

Court of Appeals of Minnesota.

June 10, 2003.

Mike Hatch, Attorney General, St. Paul, MN, Alan L. Mitchell, Duluth, MN; and Bryan F. Brown, William A. Blodgett, Duluth City Attorneys, Shawn B. Reed, Hermantown Prosecuting Attorney, Duluth, MN, for respondent.

Fred T. Friedman, Chief Public Defender, Sixth District, Camille V. Doran, Assistant Public Defender, Duluth, MN, for appellants.

Considered and decided by SHUMAKER, Presiding Judge, TOUSSAINT, Chief Judge, and ANDERSON, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Appellants challenge the trial court's imposition of the $28 co-payment required by

Minn.Stat. § 611.17(c) (2002). They argue that the co-payment infringes on their rights to counsel and equal protection under the Minnesota and United States Constitutions, and that the trial court abused its discretion in imposing the co-payment on appellants. Appellants Sommerlot, Peterson, and Cunningham argue further that the trial court impermissibly ordered them to pay twice for the same public defender services when the court ordered them to pay the $28 co-payment and to reimburse the public defender's office $20. Because we conclude that the co-payment required by section 611.17(c) is constitutional, and that the court was within its discretion in imposing the co-payment on appellants, but that the court must take the $28 co-payment into account when ordering reimbursement and that the court erred in ordering appellants Sommerlot, Peterson, and Cunningham to reimburse the public defenders office $20 in addition to the co-payment, we affirm in part and reverse in part.

## FACTS

This case involves ten appellants who were all assessed a $28 co-payment under Minn.Stat. § 611.17(c) (2002). Under section 611.17(c), any individual who receives public defender services shall pay a $28 co-payment, unless it is waived by the court. All of the appellants in this case appeared at arraignment hearings between July 23 and 26, 2002, and they were all approved for representation by the public defender.

Nine of the ten appellants pleaded guilty to misdemeanor or gross misdemeanor charges. In each of the nine cases, the trial court either assessed the $28 co-payment, or reserved the question of the assessment of the co-payment until after a hearing regarding appellants' challenge to the constitutionality of the co-payment requirement. In addition to the $28 co-pay-

ment, because appellants Sommerlot, Peterson, and Cunningham were employed, they were each ordered to reimburse the public defender $20 under Minn.Stat. § 611.20, subd. 4 (2002).

Appellant Spratley agreed to waive her right to a speedy trial in exchange for the deferred prosecution of a misdemeanor no-proof-of-insurance charge and dismissal of a no-taillights charge. The court neither assessed Spratley the $28 co-payment, nor waived her co-payment. But the court later agreed at the hearing regarding the constitutionality of section 611.17(c) that it was the practice of court administration to automatically impose the $28 co-payment in any case where a public defender is appointed if the court does not expressly waive the co-payment. Thus, although it is unstated in the record, it appears that Spratley was assessed the $28 co-payment because the court did not expressly waive the co-payment requirement.

On September 4, 2002, the trial court heard arguments regarding the constitutionality of the co-payment required by section 611.17(c). The court held that the statute was constitutional and imposed the $28 co-payment on nine of the ten appellants, finding that the imposition of the co-payment would not cause a manifest hardship. The court did not impose the co-payment on Spratley because she was not convicted. This appeal follows.

## ISSUES

1. Did appellant Sommerlot waive her right to appeal by failing to object to the imposition of the $28 co-payment?

2. Does Minn.Stat. § 611.17(c) (2002) violate appellants' right to counsel under the Minnesota and United States Constitutions?

3. Does Minn.Stat. § 611.17(c) violate appellants' right to equal protection

under the Minnesota or United States Constitutions?

4. Was the trial court within its discretion in imposing a co-payment on nine of the ten appellants?

5. Did the trial court impermissibly order appellants Sommerlot, Peterson, and Cunningham to pay twice for the same services when the court ordered the three appellants to pay the co-payment under Minn.Stat. § 611.17(c) and to reimburse the public defender under Minn.Stat. § 611.20, subd. 4 (2002)?

## ANALYSIS

### I.

■ The state argues that appellant Marie Sommerlot's failure to object to the imposition of the $28 co-payment under Minn.Stat. § 611.17(c) (2002), constituted a waiver of her right to challenge the constitutionality of the statute on appeal. Generally, this court will not consider matters not argued and considered in the court below. *Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996).

Here, Sommerlot did not object to the trial court's imposition of the $28 co-payment. But when the court heard arguments regarding the constitutionality of section 611.17(c) on September 4, 2002, the state did not object to the inclusion of Sommerlot in the group of ten defendants challenging the statute. At the beginning of the hearing, the public defender stated:

Finally, Judge, as noted, [as to] the first six named defendants, the Court had reserved its ruling on the constitutionality of the challenge to the co-payment statute. On the last four named defendants, the challenge had not been made at the time the Court had imposed the $28 co-pay, and what I'm doing here today is asking the Court if it holds the

statute unconstitutional to vacate its order imposing the co-pay.

The judge responded that the court would "accept the challenge as to all of the cases." Because the trial court specifically allowed the challenge as to all ten defendants and the state did not object, Sommerlot's claim is properly before this court on appeal.

### II.

■ Appellants argue that the $28 co-payment required by Minn.Stat. § 611.17(c) violates their right to counsel under the Minnesota and United States Constitutions. "Evaluating a statute's constitutionality is a question of law." *Hamilton v. Comm'r of Pub. Safety*, 600 N.W.2d 720, 722 (Minn.1999) (citation omitted). Accordingly, this court "is not bound by the lower court's conclusions." *In re Blilie*, 494 N.W.2d 877, 881 (Minn. 1993) (quoting *Sherek v. Indep. Sch. Dist. No. 699*, 449 N.W.2d 434, 436 (Minn.1990)). "Minnesota statutes are presumed constitutional, and our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989) (citation omitted). Thus, when this court is confronted with a statute that is susceptible to more than one interpretation, we adopt the alternative that stands in harmony with the constitution, even if another construction might be a more accurate reflection of legislative intent. *State v. Carroll*, 639 N.W.2d 623, 627 (Minn.App.2002), *review denied* (Minn. May 15, 2002).

■ "The Sixth Amendment guarantees that an accused in a criminal prosecution has the right to have the assistance of counsel for his defense." *Hanson v. Passer*, 13 F.3d 275, 278 (8th Cir.1994). The requirements of the Sixth Amendment extend to criminal defendants in state court

proceedings through the Fourteenth Amendment of the United States Constitution. *Gideon v. Wainwright,* 372 U.S. 335, 342–44, 83 S.Ct. 792, 795–96, 9 L.Ed.2d 799 (1963) (stating that "any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him.") The right to have the assistance of counsel also extends to misdemeanor cases. *State v. Borst,* 278 Minn. 388, 397, 154 N.W.2d 888, 894 (1967) (extending right to misdemeanors in which jail sentence may be imposed).

Concomitant with the right to counsel is the right of indigent criminal defendants to have counsel appointed for them. In Minnesota, criminal defendants who are financially unable to obtain adequate representation are entitled to the appointment of counsel. Minn. R.Crim. P. 5.02, subds. 1(2), 3, 5. But a court "may require a defendant, to the extent able, to compensate the governmental unit charged with paying the expense of the appointed public defender." *Id.,* subd. 5; *see* Minn.Stat. §§ 611.20, subd. 4 (requiring courts to order defendants who are employed, or who become employed while represented, to reimburse state for cost of representation to extent they are able); .35, subd. 1 (2002) (requiring any person who is financially able to reimburse government for costs of appointment of public defender).

In *Hanson v. Passer,* the Eighth Circuit Court of Appeals addressed the requirement of reimbursing the government for public defender services. 13 F.3d at 278–80. The Eighth Circuit considered the financial ability to repay paramount:

Certainly, when court-appointed counsel is provided, it is constitutionally permissible to require the defendant to repay the expense incurred by the state in providing the representation if the defendant later becomes able to repay, so long as "[t]hose who remain indigent or for whom repayment would work 'manifest hardship' are forever exempt from any obligation to repay."

*Id.* at 279 (quoting *Fuller v. Oregon,* 417 U.S. 40, 53, 94 S.Ct. 2116, 2124, 40 L.Ed.2d 642 (1974)).

Section 611.17(c) mandates imposition of the co-payment upon disposition of a case, but affords the court discretion to waive the requirement. The statute provides no guidance as to when a court should exercise its discretion to waive the co-payment requirement. Each individual judge is left to determine which circumstances justify or require waiver.

■ The lack of statutory limitations on the imposition of the co-payment raises serious constitutional concerns. The statute does not specifically provide that those who remain indigent or those for whom payment would work a manifest hardship must remain exempt from having any obligation to repay the services of a public defender. Because the statute gives courts the discretion to waive the co-payment, we narrowly construe the statute to require courts to exercise their discretion consistent with *Fuller, Hanson,* and the Sixth Amendment, even though this may not have been the intent of the legislature. In short, a defendant is exempt from the co-payment and courts must exercise their discretion to waive the co-payment when a defendant is indigent or when the co-payment would cause a defendant to suffer manifest hardship. Therefore, we conclude that section 611.17(c), as construed by this court, does not violate appellants' right to counsel under the Minnesota or United States Constitutions.

Appellants also argue, relying on *In re Allen,* 71 Cal.2d 388, 78 Cal.Rptr. 207, 455 P.2d 143 (1969), that the unilateral assessment of the co-payment required by Minn. Stat. § 611.17(c) has a chilling effect on

the right to counsel provided by the Sixth Amendment. But in *Fuller*, the United States Supreme Court stated that the California Supreme Court's reasoning in *Allen* was "wide of the constitutional mark." 417 U.S. at 52, 94 S.Ct. at 2124. The *Fuller* Court held that requiring an individual to reimburse the state for the services of a public defender was in line with the Sixth Amendment, as long as the requirement was not enforced against the indigent or those for whom the requirement would work manifest hardship. *Id.* at 53–54, 94 S.Ct. at 2124–25. Thus, as discussed above, as long as section 611.17(c) is interpreted to protect the indigent and those for whom the payment of the co-payment would cause a manifest hardship, the statute conforms with the Sixth Amendment. Because the United States Supreme Court rejected the California Supreme Court's reasoning in *Allen*, appellants' reliance on *Allen* is misplaced and appellants' argument that section 611.17(c) has a chilling effect on the Sixth Amendment right to counsel is without merit.

### III.

■ Appellants argue that section 611.17(c) violates their right to equal protection under the Minnesota or United States Constitutions. The Fourteenth Amendment provides that "[no state shall] deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Article one, section two of the Minnesota Constitution has been analyzed under the same principles as the Federal Equal Protection Clause. *Scott v. Minneapolis Police Relief Ass'n*, 615 N.W.2d 66, 74 (Minn.2000). Both clauses mandate that all similarly situated individuals shall be treated alike, but only "invidious discrimination" is deemed constitutionally offensive. *Id.*

Appellants argue that section 611.17(c) targets poor people, and that it has a disparate impact on racial minorities. Out of the whole population of defendants applying for representation by a public defender and subject to section 611.17(c), no one segment of the population is treated differently than another. In fact, the statute treats all public defender applicants the same whatever their economic status or race, in that it requires all persons receiving the services of a public defender to pay the $28 co-payment. There also is no evidence in the record demonstrating that the statute has a disparate impact on racial minorities. Because similarly situated persons are not treated differently on the basis of economic status or race under section 611.17(c), we conclude that the trial court correctly held that the statute does not violate appellants' right to equal protection under the Minnesota or United States Constitutions.

### IV.

■ Appellants argue that the trial court abused its discretion by imposing the co-payment on appellants without showing that their financial circumstances had changed since the time counsel was appointed. The United States Supreme Court has held that an indigent defendant who accepts court-appointed counsel may only be required to repay the state for the cost of legal services if he or she later becomes able to repay. *Fuller*, 417 U.S. at 53, 94 S.Ct. at 2124 (stating that defendants who remain indigent will forever be exempt from any obligation to repay).

■ In Minnesota, courts may appoint counsel for individuals who are indigent and for those who are financially unable to obtain adequate representation Minn. R.Crim. P. 5.02, subds. 1(2), 3, 5. Thus, a defendant who is appointed a public defender is not necessarily indigent. The

non-indigent may constitutionally be required to pay a co-payment or reimbursement even though their circumstances have not changed since the time counsel was appointed. *See Hanson*, 13 F.3d at 279 (stating that "[t]he phrase 'financially unable to obtain counsel' does not require a showing of indigency to entitle an accused to counsel; it is a less stringent standard"). Accordingly, the trial court was within its discretion to impose the co-payment on appellants.

■ Appellants Sommerlot, Peterson, and Cunningham argue that they were impermissibly required to pay twice for the same services when the trial court ordered them to pay the $28 co-payment and to reimburse the public defender's office $20 under Minn.Stat. § 611.20, subd. 4 (2002).

The legislature did not set forth in section 611.17(c) how it intended the $28 co-payment to be imposed in conjunction with section 611.20, subd. 4, which allows courts to order defendants, who are financially able, to reimburse the public defender's office for legal services. Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). In interpreting a statute, we presume that the legislature did not intend a result that is absurd or unreasonable. Minn.Stat. § 645.17(1) (2002).

■ Here, after appellants Sommerlot, Peterson, and Cunningham each pleaded guilty, the trial court asked the public defender how much time she had spent on the cases, and the public defender responded that she had spent less than a half an hour on each case. The trial court then ordered each of the three appellants to pay the $28 co-payment and to reimburse the public defender's office $20. *See generally* Minn.Stat. § 611.20, subd. 5 (2002) (stating

that amount of public defender legal fees is determined by multiplying number of hours worked by $40). Thus, the three appellants were each ordered to pay a total of $48 for $20 worth of legal services. We conclude that the legislature did not intend such an unreasonable result, and that the legislature intended courts to take the $28 co-payment into account when determining the amount of reimbursement owed by a defendant. We also conclude that in this case the trial court erred in ordering appellants Sommerlot, Peterson, and Cunningham to reimburse the public defender's office $20, in addition to the $28 co-payment, for $20 in legal services. Therefore, as stated above, we affirm the trial court's imposition of the co-payment on the three appellants, but reverse the trial court's order requiring appellants Sommerlot, Peterson, and Cunningham to reimburse the public defenders office $20.

## DECISION

The trial court correctly concluded that Minn.Stat. § 611.17(c) (2002) is constitutional and was within its discretion in imposing the $28 co-payment on appellants. The trial court erred in ordering appellants Sommerlot, Peterson, and Cunningham to reimburse the public defender's office $20 in addition to the co-payment.

**Affirmed in part and reversed in part.**