**STATE of Minnesota, CITY OF MINNEAPOLIS, Respondent,**

**v.**

**Ronald A. EDWARDS, Appellant.**

**No. C2–84–932.**

Court of Appeals of Minnesota.

Jan. 15, 1985.

Hubert H. Humphrey, III, Minnesota Atty. Gen., St. Paul, Robert Alfton, Minneapolis City Atty., James H. Tumulty, Asst. Mpls. City Atty., Minneapolis, for respondent.

Jerod H. Peterson, Minneapolis, for appellant.

Heard, considered, and decided by POPOVICH, C.J., and PARKER and SEDGWICK, JJ.

### OPINION

SEDGWICK, Judge.

Appellant, Ronald Edwards, appeals his conviction by jury of obstructing legal process, a misdemeanor. We reverse and remand.

Appellant appeared pro se. There is no record of his waiver of counsel.

### ISSUE

Was defendant denied a fair trial where he was unrepresented and there is no record of waiver of counsel?

### ANALYSIS

The trial court, relying on *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), held that even though Edwards did not effectively waive his right to counsel, his constitutional rights were

not violated because incarceration was not imposed upon his conviction.

The trial court's reliance on *Scott* is misplaced because that case dealt with a defendant's right to counsel, rather than the validity of a defendant's conviction in the absence of a record of waiver of counsel, which is at issue here.

Minn.R.Crim.P. 5.02, subd. 2, provides that,

> Unless the defendant charged with a misdemeanor punishable upon conviction by incarceration voluntarily waives counsel *in writing or on the record,* the court shall appoint counsel for him if he appears without counsel * * *.

(Emphasis added.)

The rule further provides that the court shall not accept the waiver unless the court is satisfied that it is voluntary and has been made by the defendant with full knowledge and understanding of his rights. Those rights requiring full understanding before a plea is entered in a misdemeanor case are specified in Minn.R.Crim.P. 15.02.

### DECISION

Since there is no record, it is impossible to determine on review that such waiver was knowing and intelligent. Therefore, we reverse and remand for a new trial.