**STATE of Minnesota, Respondent,**

**v.**

**Mark Thomas HAWANCHAK, Appellant.**

**No. CX–02–2217.**

Court of Appeals of Minnesota.

Oct. 21, 2003.

Mike Hatch, Attorney General, St. Paul, MN; and William L. Bernard, Michael J. Mayer, Grannis & Hauge, Eagan, MN, for respondent.

John M. Stuart, State Public Defender, Susan J. Andrews, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; PETERSON, Judge; and MINGE, Judge.

## OPINION

PETERSON, Judge.

In this appeal from disorderly conduct and fifth-degree-assault convictions, appellant Mark Thomas Hawanchak argues that the district court violated his right to counsel when, without obtaining a waiver of his right to counsel, the court required him to represent himself at trial. Appellant also argues that the district court violated his right to counsel when it denied his request for appointed counsel. We reverse and remand for a new trial.

## FACTS

Appellant was charged with three counts of fifth-degree assault and one count of disorderly conduct, all misdemeanor charges, stemming from an incident that occurred on May 11, 2002. When appellant was arraigned, he was informed of his constitutional rights, including his right to be represented by counsel.

The week before trial, appellant applied for court-appointed counsel. Appellant reported that he was recently unemployed; had $8,000 in assets; and monthly expenses of $2,500. Appellant stated on the application form that he had "tried to hire two attorneys and could not afford either."

On December 6, 2002, the district court granted appellant's request for the services of a public defender, subject to a determination of whether appellant would be required to reimburse the state for part of the cost of his defense. Appellant's application and the district court order were apparently misplaced, and on December 9, 2002, the first day of trial, appellant submitted a second application that was substantially the same as the first, but reported additional assets and liabilities. Appellant reported that he owned real es-

tate valued at $109,000; had a mortgage in the amount of $150,000;[1] and owned two vehicles valued at $20,000 each.

Before the trial began, the district court instructed appellant about trial procedure, and appellant asked about his court-appointed counsel:

[APPELLANT]: Can I—I would like an opportunity to find out what happened to my public defender[.] . . .

THE COURT: What are you asking for?

[APPELLANT]: I filed for a public defender.

THE COURT: I've got the application right here.

[APPELLANT]: No, no, no.

THE COURT: Well, there's one that came in today.

[APPELLANT]: Right. That's because they lost the one that I put in last week and stuff. . . .

THE COURT: Okay. It doesn't make any difference that they took your application last week. Let's talk about this application.

[APPELLANT]: Okay. Would you grant me a public defender?

THE COURT: Well, when was your last date of employment?

[APPELLANT]: The 24th of last month.

THE COURT: Are you receiving unemployment compensation?

[APPELLANT]: I haven't received anything yet.

THE COURT: Have you applied?

[APPELLANT]: I have applied, and I haven't gotten anything. There's been no income coming in.

---

1. The state asserts that appellant's home is valued at $150,000 with a mortgage of

$109,000, but this is not what is reflected on the application.

THE COURT: What was your occupation?

[APPELLANT]: Telephone installer.

THE COURT: Oh, that's right. You told me that. How much did you earn? How much did you earn in the first 11 months of this year?

[APPELLANT]: 69,000.

THE COURT: You do not qualify for the appointment of a public defender. You have to meet the federal—essentially the federal poverty guidelines, and that means considerably less income than what you've earned. You don't qualify and you have assets.

[APPELLANT]: I have liabilities, too.

THE COURT: Right. But I—all I'm telling you is you don't qualify.

Appellant moved for a continuance to prepare his case, and the district court denied the motion. The record contains no written or other waiver of counsel by appellant.

Following trial, the jury convicted appellant of disorderly conduct and one count of fifth-degree assault. The district court stayed imposition of sentence, placed appellant on probation for one year, declined to impose jail time as a condition of probation, and waived the mandatory minimum fine.

### ISSUE

Did the district court violate appellant's right to counsel when, without obtaining a written waiver of appellant's right to counsel or making a record evidencing a refusal of counsel, the court required appellant to represent himself at trial?

### ANALYSIS

■ The Sixth and Fourteenth Amendments to the United States Constitution guarantee criminal defendants the right to an attorney. *Gideon v. Wainwright*, 372 U.S. 335, 342–45, 83 S.Ct. 792, 795–97, 9 L.Ed.2d 799 (1963). In Minnesota, an accused has a right to assistance of counsel in a misdemeanor prosecution whenever a conviction may lead to incarceration. *State v. Nordstrom*, 331 N.W.2d 901, 905 (Minn.1983).

■ The right to an attorney may be waived if the waiver is competent and intelligent. *State v. Worthy*, 583 N.W.2d 270, 275 (Minn.1998). "It is the duty of the trial court to ensure a knowing and intelligent waiver of the right to counsel." *State v. Krejci*, 458 N.W.2d 407, 412 (Minn.1990). Minn.Stat. § 611.19 (2002) requires that "[w]here counsel is waived by a defendant, the waiver shall in all instances be made in writing, signed by the defendant, except that in such situation if the defendant refuses to sign the written waiver, then the court shall make a record evidencing such refusal of counsel." *See also* Minn. R.Crim. P. 5.02 cmt. ("Minnesota law requires that a waiver of counsel be in writing unless the defendant refuses to sign the written waiver form. In that case a record of the waiver is permitted."); *Worthy*, 583 N.W.2d at 274, 276 (holding trial court did not err in determining that defendants validly waived right to counsel when, on first day of trial, defendants fired attorneys who had been representing them for more than a month, and where defendants had prior experience in criminal justice system, and defendants were told that if they rejected their attorneys, they would have to proceed pro se); *Krejci*, 458 N.W.2d at 412–13 (holding defendant validly waived right to counsel where defendant's interaction with 12 judges, conversations with two public defenders, and refusal to accept representation from public defender's office, indicated that defendant was aware of consequences of proceeding pro se, and trial

court and counsel explained to defendant nature of charges and possible punishments).

Appellant argues that the district court violated his right to counsel when it required him to represent himself at trial without obtaining a knowing and intelligent waiver of his right to counsel. We agree. The record does not contain a written waiver of counsel signed by appellant, and the district court did not make a record that demonstrates that appellant refused counsel. This is not a case like *Worthy* or *Krejci,* in which the defendants refused to accept the services of appointed counsel. *Worthy,* 583 N.W.2d at 276; *Krejci,* 458 N.W.2d at 412–13. Instead, the record indicates that on two occasions, appellant requested the services of the public defender.

The state argues that because appellant (1) was aware of his right to counsel, (2) could afford private counsel, and (3) moved for a continuance to prepare his case rather than to hire private counsel, the record demonstrates that appellant chose to defend himself after the district court denied him court-appointed counsel. But this argument fails to recognize that any waiver of the right to counsel must be a knowing and intelligent waiver. Even if appellant chose to defend himself, it was the duty of the district court to ensure that appellant's waiver of counsel was knowing and intelligent. *Burt v. State,* 256 N.W.2d 633, 635 (Minn.1977). The record does not indicate that the district court made this determination. Where there is no record of a defendant's waiver of counsel, it is impossible to determine upon appellate review whether a waiver was knowing and intelligent. *State v. Edwards,* 361 N.W.2d 90, 91 (Minn.App.1985). In such instances, the defendant is entitled to a new trial. *Id.*

■ The state also argues that because the district court took careful steps to ensure that appellant received a fair trial, his conviction should be affirmed. But, a denial of the right to counsel does not require a showing of prejudice to obtain reversal. *State v. Camacho,* 561 N.W.2d 160, 171 (Minn.1997).

Because we have concluded that appellant is entitled to a new trial because the district court violated his right to counsel, we will not address appellant's argument that the district court erred when it denied his request for appointed counsel.

### DECISION

Appellant is entitled to a new trial because his right to counsel was violated when, without obtaining a written waiver of counsel or making a record evidencing a refusal of counsel, the district court required appellant to represent himself at trial.

**Reversed and remanded.**