*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1480**

State of Minnesota,
Respondent,

vs.

Albert Silas Garner, Jr.,
Appellant.

**Filed May 31, 2016
Reversed and remanded
Larkin, Judge**

Fillmore County District Court
File No. 23-CR-15-373

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brett A. Corson, Fillmore County Attorney, Preston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica May Surges, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Connolly, Judge; and Kirk, Judge.

# UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges his conviction of disorderly conduct, asserting violations of his constitutional rights to counsel and trial by jury. Because the record does not establish a valid waiver of appellant's right to counsel, we reverse and remand for a new trial.

**FACTS**

Respondent State of Minnesota charged appellant Albert Silas Garner Jr. with two counts of misdemeanor assault and two counts of disorderly conduct based on an argument that he had with a neighbor. Garner appeared for arraignment without an attorney and signed a statement-of-rights form advising him of his right to counsel. The district court asked Garner if he wanted to be represented by an attorney. Garner responded that he could not afford an attorney, and the district court instructed him to apply for a public defender. As to arraignment, Garner described the charges as "bogus" and indicated that he wanted to plead not guilty. The district court told Garner that it would schedule the case for a trial and asked him if he wanted a court trial or a jury trial. Garner informed the district court that "the Court's decision would be suitable for myself." The district court informed Garner that it would schedule the case for a court trial and that he could change his mind about a jury once he had a chance to talk to an attorney.

Garner appeared for the scheduled court trial without an attorney. The district court did not ask him about his public-defender application. Instead the district court asked, "you continue to be representing yourself in this matter, is that correct?" Garner replied, "Yes, sir." The district court explained the trial process, including the state's burden of proof, and Garner's right to cross examine the state's witnesses, to present evidence, and to remain silent. But the district court did not question Garner to ensure that he had made a

2

knowing and intelligent decision to waive counsel. The district court held a trial and found Garner guilty of one count of disorderly conduct and not guilty of the remaining charges.

Garner appeals.[1]

### D E C I S I O N

Garner challenges his conviction, arguing that it must be reversed because the district court did not obtain a valid waiver of his constitutional rights to counsel and trial by jury.

Under Minn. Const. art. 1, § 6, there is a right to counsel in misdemeanor cases. *State v. Nordstrom*, 331 N.W.2d 901, 903 (Minn. 1983). The right to counsel may be waived if the waiver is knowing and intelligent. *State v. Hawanchak*, 669 N.W.2d 912, 914 (Minn. App. 2003). The district court has a duty to ensure a knowing and intelligent waiver of the right to counsel. *Id.* Minn. Stat. § 611.19 (2014) requires that "[w]here counsel is waived by a defendant, the waiver shall in all instances be made in writing, signed by the defendant, except that in such situation if the defendant refuses to sign the written waiver, then the court shall make a record evidencing such refusal of counsel." The Minnesota Rules of Criminal Procedure also require that waivers be in writing or on the record and prohibit the district court from accepting a defendant's waiver unless it is made with full knowledge and understanding of his rights, providing:

> Defendants charged with a misdemeanor or gross misdemeanor punishable by incarceration who appear without counsel, do not request counsel, and wish to represent themselves, must waive counsel in writing or on the record. The court must not accept the waiver unless the court is

---

[1] The state did not file a brief in this appeal.

3

satisfied that it is voluntary and has been made by the defendant with full knowledge and understanding of the defendant's rights. The court may appoint the district public defender for the limited purpose of advising and consulting with the defendant about the waiver.

Minn. R. Crim. P. 5.04, subd. 1(3).

If a defendant chooses to represent himself, the district court must ensure that the defendant's waiver of counsel is knowing and intelligent. *Hawanchak*, 669 N.W.2d at 915. "Where there is no record of a defendant's waiver of counsel, it is impossible to determine upon appellate review whether a waiver was knowing and intelligent." *Id.* "In such instances, the defendant is entitled to a new trial." *Id.* "[A] denial of the right to counsel does not require a showing of prejudice to obtain reversal." *Id.*

In this case, the record does not contain an express written or oral waiver of Garner's right to counsel. Although the district court informed Garner of his right to counsel and asked him if he wanted counsel when he appeared pro se for arraignment, the district court did not question him to ensure that he had knowingly and intelligently waived his right to counsel when he appeared pro se for trial. [2] We note that this is not a situation in which Garner has a long criminal record or has previously been represented by counsel such that we can infer a knowing and intelligent waiver of the right to counsel. *See State v. Worthy*, 583 N.W.2d 270, 276 (Minn. 1998) (stating that where a defendant fired his attorney and had familiarity with the criminal justice system, an on-the-record inquiry regarding waiver was unnecessary); *see also State v. Krejci*, 458 N.W.2d 407, 412-13 (Minn. 1990) (holding

---

[2] We encourage district courts to use Form 11, Petition to Proceed As Pro Se Counsel, when establishing a waiver of the right to counsel.

4

that a defendant's unwillingness to accept representation from public defenders and extensive conversations on the matter with multiple judges rendered an on-the-record inquiry unnecessary).

Because the record does not establish a knowing and intelligent waiver of Garner's right to counsel, we reverse and remand for a new trial on the single count of conviction. Because we reverse and remand on this ground, we do not address Garner's arguments regarding the validity of his waiver of the right to trial by jury, except to note that the Minnesota Rules of Criminal Procedure and caselaw provide guidance regarding the requirements for a valid waiver. *See* Minn. R. Crim. P. 26.01, subd. 1(2)(a) ("The defendant, with the approval of the court, may waive a jury trial on the issue of guilt provided the defendant does so personally, in writing or on the record in open court, after being advised by the court of the right to trial by jury, and after having had an opportunity to consult with counsel."); *State v. Ross*, 472 N.W.2d 651, 653-54 (Minn. 1991) (explaining that "[t]he focus of [an] inquiry [regarding a jury waiver] is on whether the defendant understands the basic elements of a jury trial" and providing guidelines for the district court).

**Reversed and remanded.**